Matthew M. Levy, J.
A guardian ad litem of an infant has instituted this special proceeding — by way of notice and petition (CPLR 401 — 403)—for an order approving the settlement of the infant’s cause of action against the MVAIC. The respondent is not opposed to the motion, which was made returnable at Special Term, Part I, and indeed has formally consented to it, subject to the approval of the court (Insurance Law, § 618). But the application must nevertheless be denied.
In addition to the guardian’s petition, there must be presented to the court the affidavit of the physician (CPLR 1208) ■and the affidavit or affirmed statement of the attorney (CPLR 1208, 2106). Neither of these is presented on this application; nor has the settlement procedure outlined by the statute (CPLR 1208) been followed in a number of other respects. Under the Civil Practice Act, the affidavit of the infant — if over 14 *585 years of age — was also required (Civ. Prac. Act, § 1321); but, presently, it is permissible for the motion or application to be made without the necessity of the infant’s joining therein (CPLR 1207; Kochery, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, § 1207). However, if the infant is near 21 years of age, there is no reason why the court might not wish, in certain circumstances, to have his written presentation as well as his personal appearance (CPLR 1208, subd. [d]). And nowhere in the instant papers is there any indication as to the age of the infant here involved..
Moreover, it appears from the allegations of the petition that an action has already been instituted by the guardian on behalf of the infant, pursuant to court order granting permission to commence that action (Insurance Law, § 618). If the suit is still pending, the application for judicial approval of the proposed settlement must be made in that action, and not by way of a new process — such as this special proceeding.
The recently enacted Civil Practice Law and Rules has not obliterated the distinction between actions and special proceedings. That has been pointedly made clear in section 1207 dealing with “Settlement of action or claim by infant ”, et cetera, which provides: “Upon motion of a guardian of the property or guardian ad litem of an infant # * * the court may order settlement of any action commenced by or on behalf of the infant or incompetent. If no action lias been commenced, a special proceeding may be commenced ”. (Emphasis added.)
McKinney’s Consolidated Laws of New York reports the following in regard to this provision, under the heading of “ Legislative Studies and Reports “ This section is derived from sections 1320-1324 of the civil practice act and a part of par. 1 and all of par. 9 of rule 294 of the rules of civil practice. Under existing law [the Civil Practice Act], there are two procedures for settling an infant’s claim. If an action is already pending, only rule 294 is applicable. If no action is pending, sections 1320-1324 are applicable and are supplemented in several respects by rule 294. Because of the difference between motions and special proceedings, both procedures have been retained [in the Civil Practice Law and Rules]. Except for form, the two procedures are almost identical and they have been combined in this section.”
Thus, it would appear that, while the distinction is formal, it nonetheless existed under prior law, and has been carried forward into the new statute. A leading text on the Civil Practice Law and Rules, in discussing changes wrought by CPLR *586 1207, includes therein “ the applicability of both the motion (in a pending action) and special proceeding (where no action has been commenced) procedures to all types of claims.” (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1207.02.)
Finally, on “ the hearing [of the application for the settlement of an infant’s or incompetent’s claim] the moving party or petitioner, the infant or incompetent, and any attorney representing the infant or incompetent shall attend before the court unless attendance is excused for good cause” (CPLR 1208, subd. [d]). And the long-time practice of the court is that such attendance be had and application be presented to the Justice presiding at Special Term, Part II.
What I have said as to the settlement procedure of an infant’s claim applies as much to a case in which the MVAIC is the paying party as it does where any person, firm, corporation or insurance company is the defendant.
In short, the Civil Practice Law and Rules has not “ simplified ’ ’ the old procedure in this area and the Insurance Law has not placed an infant litigant whose adversary is the MVAIC in any special category in that respect.
As a consequence, it is clear that this motion must be and is denied; but, of course, this disposition is without prejudice to submission of a proper application to Special Term, Part II.