LAWRENCE CARTER, Appellant, *v.* CASTLE ELECTRIC CONTRACTING Co., INC., et al., Respondents.

Second Department, June 13, 1966.

*Joshua J. Nasaw* and *Jay M. Landa* for appellant.

*O'Hagan & Reilly* (*Henry J. O'Hagan* of counsel), for respondents.

HOPKINS, J. In this suit to recover damages arising out of the collision of the defendants' automobile with the rear end of the plaintiff's automobile, the complaint was dismissed at the close of the plaintiff's case on the grounds that (1) he had failed to prove that the defendants' automobile had come in contact with his automobile and (2) there was no evidence of actionable negligence. On this appeal, the plaintiff of course is entitled

to the aspect of the proof most favorable to him and the benefit of the reasonable inferences to be drawn from the proof (*African Metals Corp.* v. *Bullowa,* 288 N. Y. 78, 81; *Meiselman* v. *Crown Hgts. Hosp.,* 285 N. Y. 389, 392).

The plaintiff was driving his automobile on Northern Boulevard in Queens County between 4 and 5 o'clock in the afternoon. The pavement was wet. He brought his automobile to rest at a red traffic light at the intersection of Northern Boulevard and Douglaston Parkway. His automobile was fourth in a line of cars awaiting the green signal. Thus stopped, his automobile was struck in the rear by the automobile driven by the defendant Reilly and owned by the defendant Castle Electric Contracting Co., Inc. (hereafter called " Castle "). The plaintiff was rendered unconscious for a short time from the impact. The defendant Reilly drove the plaintiff's automobile to the side of the highway.

In addition to this proof, the plaintiff offered in evidence a report made by the defendant Reilly to the Commissioner of Motor Vehicles concerning the accident. Though ruled inadmissible at the trial, the report was properly certified and was receivable in evidence (Vehicle and Traffic Law, § 605; Public Officers Law, § 66-a; CPLR 4540; cf. *Yeargans* v. *Yeargans,* 24 A D 2d 280, 282) as an admission by the defendant Reilly (*Gangi* v. *Fradus,* 227 N. Y. 452; Richardson, Evidence [9th ed.], §§ 287, 288, 291). In his report Reilly stated that the defendants' automobile struck the plaintiff's automobile when the latter stopped short. ·

The complaint pleaded that Reilly was operating the automobile owned by Castle with its consent at the time of the occurrence. By failure to deny that allegation, the defendants admitted its truth. This admission, coupled with the accident report, sufficiently proved that the defendants' automobile came in contact with the plaintiff's vehicle.

The defendants do not seriously contest on this appeal the plaintiff's evidence of the ownership of the car involved in the collision with the plaintiff's automobile; their argument is directed toward the deficiency which they say existed in the plaintiff's case relating to a showing of actionable negligence on their part. We think that the plaintiff established a prima facie case.

When an automobile is stopped before a red traffic light, there is a duty on the operators of vehicles traveling in the same direction behind it to obey the signal and likewise to stop. The operator of the automobile at a halt focuses his attention on

the signal and is not obliged to observe the behavior of the vehicles behind him. A rear-end collision, in these circumstances, imposes a duty of explanation on the operator of the moving vehicle. The driver of the stopped vehicle, faced away from the point of impact, is at a disadvantage to establish the fault of the operator of the moving vehicle who is in a position to excuse the collision either through a mechanical failure, or a sudden stop of the vehicle ahead, or an unavoidable skidding on a wet pavement, or any other reasonable cause.

The Court of Appeals has recently recast the burden of coming forward with proof in automobile accident cases (*Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132). No longer is there to be "Rigidity of legal rules which piece together conduct in the management and control of a moving vehicle in separate compartments under 'negligent' and 'non-negligent' labels"; instead, "there should be more legal flexibility on what is negligence as applied to the control of moving vehicles and the question left open to factual judgments of the jury where the record shows a skid, or the explanation for a skid, or a car on the wrong side of the road, or the explanation of why it is there, or the need for the passenger in a car to act in relation to its operation" (*Pfaffenbach* v. *White Plains Express Co., supra*, p. 136).

We think that under the plaintiff's proof in this case, the need for flexibility is demonstrated and the plaintiff was not required to do more to establish a prima facie case than to adduce the evidence he presented below. In addition to his disadvantage in facing away from the point of impact, the plaintiff was rendered unconscious by the force of the impact and his automobile was driven to the side of the highway by the operator of the striking vehicle. Here the balance of knowledge of the accident is clearly on the side of the defendant operator and the responsibility of going forward with the burden of explanation as to the cause of the accident should be placed on the defendants. The jury should determine whether the plaintiff stopped short, as Reilly reported (or whatever may be the excuse proffered by the defendants ultimately in their defense in trial), or whether the collision was the result of the careless operation of the defendants' automobile (cf. *Bondar* v. *Ar Jay Paint Co.*, 20 Misc 2d 643; Ann. 151 A. L. R. 876).

The judgment should therefore be reversed on the law, and a new trial granted, with costs to abide the event. No questions of fact have been considered.

UGHETTA, Acting P. J., CHRIST, BRENNAN and HILL, JJ., concur.

Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact have been considered.