■ MIRTA BRODERSEN et al., Respondents, v. BRUCE KATZMAN, Appellant.— In an action to recover damages for personal injury, medical expenses and loss of services, defendant appeals from an order of the Supreme Court, Westchester County, entered March 3, 1966, which granted plaintiffs' motion for summary judgment and directed an assessment of damages. Order affirmed, with $20 costs and disbursements. The court unanimously agrees that, if liability were the sole issue, this would be a proper case for the granting of summary judgment to plaintiffs. Defendant, with a disregard of caution, accelerated his car into the rear of plaintiffs' car which was stationary and waiting for a traffic light to change. Defendant's negligence is clear. The dissenting Justices assert that a question of fact exists as to whether any injury at all was sustained, thus necessitating a plenary trial of all the issues (see *Chmela* v. *Vought*, 15 A D 2d 812; *Smith* v. *Marbury*, 18 A D 2d 936). That rule is inapplicable here. The proofs show that the injured plaintiff was hospitalized for three weeks after the accident for injuries sustained as a result thereof. This is a sufficient basis to narrow the necessity for proof to an assessment of damages. Christ, Acting P. J., Hill and Benjamin, JJ., concur; Brennan and Rabin, JJ., dissent and vote to reverse the order and to deny the motion on the ground that a question of fact is presented as to whether the plaintiff wife sustained any injury at all (*Chmela* v. *Vought*, 15 A D 2d 812; *Smith* v. *Marbury*, 18 A D 2d 936).

■ CARL W. CANDILORO, an Infant, by His Guardian ad Litem, WINIFRED CANDILORO, et al., Respondents, v. CITY OF NEW YORK, Appellant.— In a negligence action to recover damages for personal injuries sustained by the infant plaintiff, and for loss of services, etc., defendant appeals from an order of the Supreme Court, Queens County, entered June 15, 1965, which (a) granted plaintiff's motion to vacate a consent judgment entered October 9, 1964 in favor of the infant and his mother upon a pretrial settlement of the action; and (b) restored said action to the trial calendar. Order modified: (1) by amending its first decretal paragraph so as: (a) to grant the motion with respect to the infant only; (b) severing the infant's cause of action; (c) and amending the judgment accordingly; and (2) by striking out the three remaining decretal paragraphs. As so modified, order affirmed, without costs; and motion as to the infant remitted to the Special Term for proceedings consistent herewith. Under all the circumstances, the entry of a judgment on consent, in the absence of an order of compromise and without the protective procedures prescribed by the CPLR for the settlement of infant's actions complied with by the parties (CPLR 1207, 1208), constituted error. The parties are directed to proceed in accordance with the provisions of the statute. The remission will permit an examination of all the facts. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.