Abraham J. Mttlter, J.
Motion by plaintiff for summary judgment striking the answer of the defendant and for assessment of damages.
The action is for personal injuries caused by the collision of two automobiles at the intersection of Flatbush Avenue and Grlenwood Boad in Brooklyn. There is no claim that plaintiff is guilty of any contributory negligence.
On July 16, 1966 at about 4:00 a.m. the plaintiff was a passenger in the front seat of a car owned and being driven by Evelyn Steiner (not a party to this action), which was proceeding in a northerly direction in the right driving lane of Flatbush Avenue approaching Grlenwood Boad.
Defendant states under oath that he was proceeding at a speed of 20 miles per hour as was the car in front of him in which plaintiff was a passenger; that he was proceeding two car lengths behind this car from Nostrand Avenue to the point of impact at Grlenwood Boad; as the car in front of him approached the intersection on Flatbush Avenue and Grlenwood Boad the light which had been green changed to ‘ ‘ amber ’ ’; the driver of the car in front ‘ ‘ stopped suddenly ’ ’ at this intersection; defendant saw the light changing and “ started to stop ”, but hit the other car in the rear.
In determining this motion the court can ignore the plaintiff’s statement that the car she was in made a gradual stop in response to the red light and was in a stop position for approximately five seconds before defendant’s vehicle struck the rear of the car in which she was riding.
Defendant’s report over his signature states that the front of his car was smashed. The police blotter indicates defendant’s car was towed away. Defendant does not contend otherwise. Defendant’s report states the weather was clear, the road dry and lighted.
Section 1111 (subd. [b], par. 1) of the Vehicle and Traffic Law as in effect on the date of the accident provided:
‘ ‘ Steady yellow alone:
“ 1. Vehicular traffic facing such signal is thereby warned that the red signal will be exhibited immediately thereafter and such vehicular traffic shall not enter or be crossing the intersection when the red signal is exhibited.”
Section 1129 of the Vehicle and Traffic Law provides:
“ Following too closely:
u (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.”
*895 Since defendant admits that he saw the light turn “ amber ” and that he started to slow down, no warning or signal by the driver of the car in which plaintiff was seated was necessary or required to indicate an intention to stop. The driver of the lead car as a prudent driver stopped on such signal as she was required to do. The defendant having observed the signal should have expected her to do so. He should have been prepared to do the same and to do so without hitting that car. The court takes judicial notice of the fact that a three-light traffic signal operates as follows on the highway in the direction in which a vehicle is traveling:
a) The green light goes out as the yellow light goes on;
b) The yellow light remains on from 1.8 seconds to 2.7 seconds;
c) After not more than 2.7 seconds the red light goes on.
The court also takes judicial notice that the traffic regulations applicable in the City of New York at the time and place in question then required and now require that no moving vehicle enter an intersection when the red light is exhibited, as the yellow light goes off.
On a clear night, on a dry, straight, level, lighted road defendant should have been driving so as to have been able to stop his car without hitting the other car even if as he claims it stopped suddenly when the traffic light changed.
An operator of an automobile must at all times have his car under such control and at such a reasonable distance away from the preceding car so that if that preceding car does stop suddenly for whatever reason the operator of the car behind can stop his car without ramming into the preceding one.
This accident could have occurred only because of defendant’s negligence without any act on the part of plaintiff, the passenger in the other car, contributing thereto. The competent producing cause of this accident was either defendant’s failure to maintain a safe distance behind the lead car sufficient to stop at the speed at which he was proceeding without colliding therewith or because the defendant was proceeding at a speed excessive and dangerous in the light of the surrounding circumstances. The likelihood of a stop for a change in the traffic light would have been anticipated by an ordinary reasonably prudent driver (Friedburg v. P. & H. Serv. Sta., 13 A D 2d 503; Elegant v. Brooks, 20 Misc 2d 542; Block v. Podmajersky, [N. Y. L. J., Nov. 2,1959, p. 15, col. 5, Hogan, J.]).
The court may take judicial notice of the fact, that under circumstances as set forth here, from the point at which the changed signal was observed, the average vehicle traveling at 20 miles per hour could not be stopped within 45 feet, which is *896 more than two average car lengths. This takes into account the time required to react to the signal and application of the brakes.
Defendant’s car was a 1963 four-door Rambler less than 16 feet long. The other car was a Cadillac sedan less than 19 feet long. The court here need not determine either that the defendant in fact was tailing the other ear at less than two car lengths and therefore could not stop without hitting the car in front of him or that the defendant was driving at more than 20 miles an hour at two car lengths behind, and therefore could not stop without hitting the lead vehicle. One or the other of those actualities caused this accident.
The finding of fact and conclusion of law are inescapable from the facts presented in this case that this defendant, at whatever speed he was traveling, did not have his car under such control at a reasonable distance away from the preceding car at the time the latter stopped and that it was only the inexcusable negligence of the defendant that caused the accident. If the defendant had been at a proper distance behind the lead car or had not been tailing it at an excessive rate of speed the occurrence would not have happened.
Defendant’s cited cases are inapposite and distinguishable. In the cited cases there was a sudden stop by the preceding automobile without warning. In the case at bar defendant observed the warning ‘ ‘ amber ’ ’ traffic light in ample time to stop his car if he had it under proper control.
The motion is granted. The time and place for assessment of damages will be fixed in the order to be settled on notice.