■ JORDAN KRET, an Infant, by His Father and Natural Guardian, ARTHUR KRET, et al., Appellants, v KLARA GERGELY et al., Defendants, and BROOKDALE HOSPITAL MEDICAL CENTER, Respondent.—In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Kings County, dated March 10, 1978, which granted the motion of defendant Brookdale Hospital Medical Center, *inter alia,* to amend the trial transcript so as to indicate that plaintiffs' discontinuance against said defendant was

"with prejudice". Order reversed, without costs or disbursements, and motion denied. Before any testimony was adduced at the trial of this action, the plaintiffs made an application to discontinue the action against the defendant Brookdale Hospital Medical Center, and another defendant, "without costs or interests." The court directed that the discontinuance be recorded. Counsel for the defendant hospital was not present, although he was informed that such an application would be made. Following the jury verdict in favor of the remaining defendant, plaintiffs' attorney reinstituted the action as against the defendant hospital. The instant motion ensued and a hearing was held thereon. The motion to discontinue was granted with no indication whether the discontinuance was to be with or without prejudice. Hence, CPLR 3217 (subd [c]) is controlling; since it was not otherwise indicated, the discontinuance must be without prejudice. Although an oral agreement between counsel may be enforced in order to do equity (*Mutual Life Ins. Co. of N. Y. v O'Donnell,* 146 NY 275, 280; *Matter of Frutiger,* 29 NY2d 143, 149-150; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2104.04, pp 21-33), and although the trial court may have properly found under the circumstances that the defendant hospital's counsel expected and understood that the discontinuance was to be with prejudice, the record is clear that no compliance was made with the provisions of CPLR 3217, 1207 and 1208. Since the principal plaintiff was an infant, the trial court and the attorneys for the parties were under a duty to observe the safeguards prescribed by those provisions in terminating the rights of the infant against the defendant hospital during the trial (see *Candiloro v City of New York,* 26 AD2d 693). Only by an order of the court entered after due consideration of the posture of the case and the circumstances of the infant, could the stipulation to discontinue with prejudice, even if agreed to by counsel, be enforced. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.