■ LEROY CONYERS et al., Appellants, v PATRICIA VINTI, Respondent. — In an action, *inter alia,* to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered May 12, 1982, which was in favor of defendant, upon a jury verdict.

Judgment reversed, on the law, with costs, judgment directed in favor of the plaintiffs on the issue of liability and case remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages.

On the evening of August 10, 1978, plaintiff Leroy Conyers was stopped at a red light in one of the eastbound lanes of Park Avenue in the City of Long Beach, when the vehicle which he was driving was struck in the rear by a second vehicle being operated by the defendant Patricia Vinti. According to the uncontradicted testimony adduced at the trial, both vehicles had been stopped at the red light for approximately 30 seconds before the accident occurred.

In explaining the occurrence giving rise to the instant lawsuit, the defendant maintained that she had come to a full

stop approximately seven feet behind Mr. Conyers' vehicle when her nine-year-old Scotch terrier "jumped on the gas pedal, knocking [her] foot off the brake". At this point, the defendant apparently become "confused * * * and the car sped forward and * * * hit the * * * truck" in which Mr. Conyers was sitting. According to the defendant, the dog, which had been riding unrestrained on the floor on the passenger's side of the front seat, weighed approximately 25 pounds, was about one and one-half feet long and stood approximately 10 inches high. In addition, it was defendant's testimony that during the previous nine years in which she had driven with the dog in the car, it had "never budged * * * before".

With this uncontradicted evidence before it, the trial jury returned a verdict in favor of the defendant. This appeal followed. Since the jury could not have reached this conclusion by any rational process based on the evidence before it (see *Thompson v City of New York,* 60 NY2d 948, 950; *Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245), we now reverse.

It is axiomatic that where, as here, a vehicle is stopped at a red light, there is a duty imposed upon the operators of vehicles traveling behind it in the same direction to likewise obey the traffic signal and come to a timely halt. Accordingly, a "rear-end collision, in these circumstances, imposes a duty of explanation on the operator of the moving vehicle" (*Carter v Castle Elec. Contr. Co.,* 26 AD2d 83, 84-85). Here, of course, the defendant did tender an explanation for this unfortunate occurrence, but viewing that explanation most favorably to the defendant and according her the benefit of every reasonable inference to be drawn therefrom, it is, nevertheless, our belief that "there is simply no valid line of reasoning * * * which could possibly lead rational men to the conclusion reached by the jury" in this case (*Cohen v Hallmark Cards,* 45 NY2d 493, 499; *O'Boyle v Avis Rent-A-Car System,* 78 AD2d 431).

The mere fact, as alleged, that the dog had never before moved from its position on the floor of the passenger's side of the vehicle cannot, as the defendant maintains, be relied on to establish that the resulting occurrence was "unforeseeable", as the propensity for quick movement combined with the fundamental lack of predictability which attends the behavior of even the most domesticated of animals fairly precludes such a conclusion, where, as here, the dog has been left unattended and unrestrained in close proximity to the controls of an inherently dangerous instrumentality plying the public streets (cf. *Heffler v State of New York,* 96 AD2d 926; *Morse v Sturgis,* 262 Mass 312).

It is undisputed that plaintiff Leroy Conyers was stopped at the red light for approximately 30 seconds before the accident occurred and that the defendant's vehicle had similarly come to a full stop when her dog took control of the circumstances and jumped on the gas pedal, propelling her automobile into the rear of the plaintiff Leroy Conyers' vehicle. Under such circumstances, the pertinent inquiry becomes whether the ensuing accident was "unforeseeable" in the legal sense of the term, and, viewed from this perspective, the defendant's failure to restrain her pet or to place him in the vehicle in such a way as to prevent him from interfering with its mechanical controls (e.g., by placing him in the rear seat) fell well below any acceptable standard of care and constituted negligence as a matter of law (cf. *Andre v Pomeroy,* 35 NY2d 361, 365; *Brodersen v Katzman* 26 AD2d 693; *Friedburg v P & H Serv. Sta.,* 13 AD2d 503). Notably, once deprived of her claim that the occurrence was "unforeseeable", the defendant cannot take refuge behind the doctrines of "unavoidable accident" (see *Mikula v Duliba,* 94 AD2d 503, 508) or "intervening" cause (see *Heffler v State of New York, supra,* p 927).

Given the undisputed evidence of defendant's fault and the absence of any evidence tending to implicate the plaintiff's conduct in the happening of this accident, there exists "no rational process" by which the jury in this case could have reached a defendant's verdict (*Blum v Fresh Grown Preserve Corp., supra,* p 245; *Thompson v City of New York, supra,* p 950). Accordingly, the judgment appealed from must be reversed, a verdict directed in favor of the plaintiffs on the issue of liability, and the matter remitted for a new trial on the issue of damages. Lazer, J. P., Gibbons and Niehoff, JJ., concur.

Mangano, J., dissents and votes to affirm the judgment, with the following memorandum: The majority is of the view that the judgment entered in favor of defendant upon a jury verdict in this negligence action must be reversed, and, instead, judgment must be entered in favor of the plaintiffs on the issue of liability.

I respectfully disagree.

The facts, in brief, are as follows. Plaintiff Leroy Conyers' vehicle, while stopped for a red light, was struck in the rear by a second vehicle operated by the defendant. The defendant testified that the accident happened when her tiny, tame and obedient nine-year-old Scotch terrier, which had been riding on the floor of the passenger's side of the front seat as it had done many times before without incident, jumped on the gas pedal and knocked her foot off the brake.

I have no quarrel with the axiom cited by the majority, i.e., a rear-end collision presents a prima facie case of negligence sufficient to go to the jury and "imposes a duty of explanation on the operator of the moving vehicle" (*Carter v Castle Elec. Contr. Co.*, 26 AD2d 83, 84-85). However, "[t]he explanation of the defendant, if he gives one, will also usually be for the jury" (*Pfaffenbach v White Plains Express Corp.*, 17 NY2d 132, 135; cf. *Morse v Sturgis*, 262 Mass 312). The majority is of the view that defendant's conduct constituted negligence as a matter of law. However, the three rear-end collision cases relied on by the majority involve, respectively, situations where (1) defendant took her eye off the road to look in her purse, (2) defendant accelerated his car into plaintiff's stationary car, and (3) defendant failed to apply its brakes because it assumed plaintiff would drive her car through an amber light at an intersection (see *Andre v Pomeroy*, 35 NY2d 361; *Brodersen v Katzman*, 26 AD2d 693; *Friedburg v P & H Serv. Sta.*, 13 AD2d 503). These cases are so obviously distinguishable on their facts as to warrant no further comment. Indeed, the majority's reliance on these cases is not only misplaced, but represents, in my view, an affront to that particular species of the animal kingdom, i.e., the tame dog "which the law, guided by experience, has always regarded as the friend and companion of man" (*Kennet v Sossnitz*, 260 App Div 759, 761, affd 286 NY 623).

Accordingly, I dissent and vote to affirm the judgment appealed from.