■ JOHN W. YOUNG et al., Appellants, v CITY OF NEW YORK, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County (Durante, J.), dated November 9, 1984, which denied their motion for summary judgment as to liability.

Order reversed, on the law, with costs, motion granted, summary judgment is awarded to plaintiffs on the issue of liability, and matter remitted to the Supreme Court, Queens County, for an assessment of damages.

It is undisputed that while plaintiff John Wesley Young was stopped for a red light at an intersection, his auto was struck in the rear by a fire engine owned by defendant City of New York, and operated by William C. Reinhardt, a New York City fireman. Plaintiff Young now claims that he suffered serious physical injuries arising from that occurrence.

When a suit is founded in negligence, ordinarily plaintiff will be entitled to summary judgment only in those cases where " 'there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct * * * was not really involved' " *(Andre v Pomeroy,* 35 NY2d 361, 365, quoting from 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.03). Summary judgment, however is not precluded where the facts are undisputed and where, as a matter of law, the conduct of the defendant is negligent.

When a rear-end collision occurs under the circumstances as demonstrated in this case, such collision is sufficient to create a prima facie case of liability on the part of defendant and imposes a duty of explanation with respect to the operator of

the offending vehicle *(O'Callaghan v Flitter,* 112 AD2d 1030; *see, Carter v Castle Elec. Constr. Co.,* 26 AD2d 83, 85). The statements contained in the affidavit of Reinhardt submitted in response to plaintiffs' motion (that he saw plaintiff John Wesley Young's vehicle stopped at the red light, that he applied his brakes at "a normal braking distance" and that he "slid" into Mr. Young's vehicle due to the wet condition of the roadway) are insufficient to raise a triable issue of fact with respect to liability. When a driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed and to maintain control of his vehicle and use reasonable care to avoid colliding with the other vehicle. The conclusory allegations contained in Reinhardt's affidavit in opposition do not rebut the inference of negligence created by the unexplained rear-end collision. Nor has the defendant set forth any defense of sudden or unavoidable circumstances which could have contributed to the happening of the accident, particularly in view of the fact that an operator of a vehicle must compensate for any known adverse road conditions. Under these circumstances, plaintiffs are entitled to summary judgment on the issue of liability. Mollen, P. J., Bracken, Niehoff and Rubin, JJ., concur.