■ RAYMOND RIOS et al., Appellants, v GERALD NICOLETTA, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaccaro, J.), dated April 26, 1985, which denied their motion for partial summary judgment on the issue of liability.

Order affirmed, with costs.

The plaintiffs' claims are based upon injuries sustained when a vehicle owned and operated by the defendant Gerald Nicoletta ran into the plaintiff Raymond Rios, who was standing behind his disabled vehicle. At the time of the accident the plaintiff Raymond Rios' vehicle was located in the right-hand lane of the roadway, where it had been stopped after it had developed a flat tire. In his opposing affidavit, the defendant claimed that prior to impact, his view of the roadway was obstructed by a "blind curve" so that he was unable to see Raymond's vehicle in time to avoid the accident. The defendant further stated that Raymond failed to use any warning devices to alert other motorists of the vehicle's disabled condition. The plaintiffs have alleged that the only explanation for the accident was that the defendant was operating his vehicle at an excessive rate of speed.

Contrary to the plaintiffs' contention, the defendant's negligence and the plaintiffs' freedom from negligence have not been established as a matter of law. Here, there are as yet undetermined issues of fact concerning the reasonableness of the defendant's conduct under the circumstances and his ability to avoid the collision, as well as questions regarding the extent to which the plaintiffs' own behavior may have contributed to the accident. Because these issues are unresolved, the granting of partial summary judgment as to liability is inappropriate *(Schneiderman v Metzger,* 30 AD2d 829; *Velten v Kirkbride,* 20 AD2d 546). Moreover, the question of comparative negligence which may exist between the parties must be resolved prior to the assessment of damages and, therefore, restricts the plaintiffs' right to summary judgment on the issue of liability *(cf. Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.