■ CHRISTOPHER CROCIATA et al., Appellants, v JOSEPH VASQUEZ et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiffs appeal from so much of the order of the Supreme Court, Suffolk County (Baisley, J.), entered August 29, 1989, as denied that branch of their motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, that branch of the motion which was for summary judgment on the issue of liability is granted, and the matter is remitted to the Supreme Court, Suffolk County, for an assessment of damages.

It is undisputed that while the plaintiff Mario Crociata was stopped for a red light at an intersection, his automobile, in which his son, the plaintiff Christopher Crociata was a passenger, was struck in the rear by a vehicle owned by the defendant Salvatore M. Coleca and driven by the defendant Joseph Vasquez while in the course of his employment with the defendant Domino's Pizza. This court has stated that "[w]hen a rear-end collision occurs * * * such collision is sufficient to create a prima facie case of liability on the part of defendant and imposes a duty of explanation with respect to the operator of the offending vehicle * * * When a driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed and * * * use reasonable care to avoid colliding with the other vehicle" *(Young v City of New York,* 113 AD2d 833, 833-834).

The statements made by the defendant Vasquez in his examination before trial, to the effect that he was looking for

a particular block on which to turn when he suddenly saw the plaintiff's stopped car which he slid into on the wet roadway, are insufficient to rebut the inference of negligence and raise a triable issue of fact as to liability *(see, Andre v Pomeroy,* 35 NY2d 361; *Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572; *Young v City of New York, supra)*. Since the defendants failed to come forward with sufficient facts to raise a triable issue regarding a defense or with any evidence of negligent conduct on the part of the plaintiff driver, the plaintiffs are entitled to summary judgment on the issue of liability. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.