■ HERBERT EDNEY, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY, Appellant, and CITY OF GLEN COVE et al., Respondents.—In an action to recover damages for personal injuries, the defendant Metropolitan Suburban Bus Authority appeals from an order of the Supreme Court, Nassau County (Morrison, J.), dated February 23, 1990, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and all cross claims interposed against it.

Ordered that the order is reversed, on the law, with one bill

of costs payable by the plaintiff and the codefendant Chester Investigation Agency, Inc., the motion is granted, the complaint insofar as it is asserted against the appellant and all cross claims against the appellant are dismissed, and the action against the remaining defendants is severed.

On February 4, 1986, the plaintiff was a passenger in a bus owned by the defendant Metropolitan Suburban Bus Authority (hereinafter MSBA) and operated by one of its employees. The plaintiff was allegedly injured when the bus, which was stopped at a bus stop, was hit in the rear by a 1985 Toyota Pickup operated by William Stendrini and owned by Greenvale Foreign Car Parts, Inc. (hereinafter Greenvale).

It is well settled that where a vehicle is lawfully stopped, there is a duty imposed upon the operators of vehicles travelling behind it in the same direction to come to a timely halt *(see, Carter v Castle Elec. Contr. Co.,* 26 AD2d 83; *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132; *Conyers v Vinti,* 107 AD2d 787; *Young v City of New York,* 113 AD2d 833; *Cohen v Terranella,* 112 AD2d 264; *Dickens v Merritt,* 123 AD2d 738).* Accordingly, a "rear-end collision", under these circumstances, "is sufficient to create a prima facie case of liability" with respect to the operator of the moving vehicle and "imposes a duty of explanation on the operator of the moving vehicle" *(Young v City of New York, supra,* at 833; *Carter v Castle Elec. Contr. Co., supra,* at 85; *Conyers v Vinti, supra; Cohen v Terranella, supra; Dickens v Merritt, supra).* In the instant case, the plaintiff inexplicably did not sue the owner and operator of "the offending vehicle" *(see, Young ·v City of New York, supra,* at 834).

Under the circumstances presented, the parties opposing MSBA's motion for summary judgment were obliged to "produce evidentiary proof in admissible form sufficient to require a trial" on the issue of MSBA's negligence *(Zuckerman v City of New York,* 49 NY2d 557, 562). The record indicates that the plaintiff and the codefendant Chester Investigation Agency, Inc., utterly failed to meet his burden. During the plaintiff's examination before trial, which was submitted in support of the defendant MSBA's motion for summary judgment, the plaintiff testified as follows:

"Q Sir, how on the bus were you caused to reinjure your hand?

"A All I remember was that *the bus driver was making a complete stop at, I guess, the nearest bus stop* and prior to that he kept pumping his brakes *and then he made a complete*

*stop. The next thing I knew, the truck hit us from behind.* My head hit the rail and also my hand * * *

"Q Was the bus at a complete stop?

"A No. He pumped his brakes constantly. Then *he made a complete stop and then the truck ran in back of us.*

"Q At the time the truck made contact with the bus, was the bus at a complete stop?

"A Like I just told you, you know, he pumped the brakes several times, then he pumped—he *stopped the bus. That's when the truck hit us.*

"Q When the bus was stopped, the truck—

"A The truck * * * hit the bus" (emphasis supplied).

In contrast, the opposition papers of the plaintiff and the codefendant Chester Investigation Agency, Inc., which consisted of attorneys' affirmations, were clearly inadequate to raise an issue of fact *(see, Zuckerman v City of New York, supra,* at 563). Under these circumstances, there is no basis for imposing liability upon MSBA *(see, Carter v Castle Elec. Contr. Co., supra; Conyers v Vinti, supra; Young v City of New York, supra; Cohen v Terranella, supra; Dickens v Merritt, supra).* Accordingly, MSBA's motion for summary judgment is granted. Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.