OPINION OF THE COURT
Charles A. LaTorella, Jr., J.
On January 14, 1992 an infant’s compromise order was presented to Judge Frederick Sampson at Special Term, Part *831 II of the Civil Court, Queens County. Such order was denied, as the court would not waive the appearance of the infant, Katisha J. No further action was taken regarding this order until September 29, 1992 when the same order was again presented at Special Term, Part II. On that date, Judge Charles A. LaTorella, Jr. denied the order as there was again no appearance of the infant or guardian. Such appearance is required under CPLR 1208 (d).
On October 7, 1992 this court received a letter from attorneys for the petitioner asking the court to review the matter and to waive the appearance of the infant, as the infant presently resides in Florida. The attorneys, Jacoby and Meyers, claim that it would be inconvenient to transport the infant (age 15) from Florida, and that she would allegedly lose time from school. Upon review of the documents submitted with the proposed order of settlement, the relevant statutes and case law, this court declines to waive the appearance of the infant for the following reasons.
CPLR 1208 states with specificity the procedure which must be followed in considering an application for an infant’s compromise order. Subdivision (d) of section 1208 requires the personal appearance of the infant. The requirement that the infant appear before the court is of special significance in determining the propriety of a settlement in a personal injury case, and the courts strictly enforce CPLR 1208 (d). (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1208:l, at 335.) In his treatise on New York Practice, Professor David Siegel states that the requirements of CPLR 1208 "should be carried out to the letter.” (Siegel, NY Prac § 200, at 289-290 [2d ed]; see, Matter of Bittner v MVAIC, 45 Misc 2d 584, 585 [1965] ["And the longtime practice of the court is that such attendance be had”]; Fernandez v Swedish Hosp., NYLJ, May 9, 1972, at 19, cols 4-5 [Sup Ct, Kings County].)
The court may excuse the attendance of the infant, however, if "good cause” is shown, as provided in CPLR 1208 (d). In determining whether good cause has been shown, the court will consider whether the infant’s appearance is necessary for a proper determination of settlement, and whether it would constitute a particular or unnecessary hardship if attendance is required. (2 Weinstein-Korn-Miller, NY Civ Prac [j 1208.05.)
In the instant case, a determination of the propriety of the settlement renders the physical attendance of the infant *832 indispensable. According to the affidavits submitted, including the report of Dr. Jay B. Fine, dated October 8, 1991, the injuries sustained by the female infant include "facial scarring” and a "hyper-pigmentation on the face.” Additionally, Dr. Fine’s report states that the infant has "multiple diffuse facial tics” which have increased in severity since the accident. Finally, the infant has suffered a depression to her left lateral thigh representing necrosis. This condition could be partially corrected with a surgical procedure, but it is not possible to completely correct the "deformity” (Dr. Fine’s expression) on the infant’s thigh.
In order to alleviate any unnecessary hardship, this court will (as it ordinarily does) accommodate the infant’s school schedule. The hearing could be scheduled during a school recess. Surely, there have been many opportunities since January 14 of this year. The claimed hardship does not constitute a sufficient cause for excusing the infant’s appearance in light of the court’s willingness to accommodate the infant’s schedule. The hearing could be scheduled at a convenient time so that the infant could travel to New York and return to Florida on the same day, by airplane, thereby avoiding a stay-over in New York.
This court finds indications in the papers that the infant’s injuries may be substantial and could possibly be of a permanent nature. It is necessary, therefore, in the best interests of the infant, that she be present at the hearing so that the court may personally view her injuries. It would be impossible for the court to evaluate the infant’s injuries without her personal appearance, and the court’s view of her condition. If any case could be said to require the infant’s attendance, it is this case.
This court has a duty to protect the interests of the infant in the compromise of an infant’s claim. (Ferraro v Stripekis, 60 AD2d 861 [2d Dept].) The court must insure, among other things, that the settlement is adequate in the context of the particular case. Failure to view the infant could result in an improper approval of settlement and could later be the subject of a vacatur motion. For example, the Second Department has vacated a consent judgment with respect to an infant, having found that "the entry of a judgment on consent, in the absence of an order of compromise and without the protective procedures prescribed by the CPLR for the settlement of infant’s actions complied with by the parties (CPLR 1207, 1208), *833 constituted error. ” (Candiloro v City of New York, 26 AD2d 693 [2d Dept 1966] [emphasis added].)
Certainly, financial considerations are insufficient to supply "good cause” in the context of this case. There is no showing of excessive cost to be incurred by the infant’s attorneys. Indeed, travelling from Florida may well have cost less when petitioner presented the order for this court’s approval in September than during the winter. Such travel could possibly be considered a necessary disbursement. Jacoby and Meyers are seeking a substantial fee for this pretrial settlement. The infant’s air fare imposes no hardship on the attorneys.
In this case, the attorneys for the plaintiffs have clearly failed to meet their burden of showing "good cause” for the requested radical departure from the requirements of CPLR 1208, and this court declines to approve the proposed settlement in the absence of a personal appearance by the infant.