Leticia ORTIZ and Jesse Guevara, Plaintiffs,

v.

David E. ROSNER and Filter Cab Corp., Defendants.

No. 91 Civ. 3099 (PKL).

United States District Court, S.D. New York.

March 11, 1993.

Ernest Holzberg, New York City, for plaintiffs.

Gerber & Garson, Brooklyn, NY (William Lewis Wexler, of counsel), for defendants.

## OPINION AND ORDER

LEISURE, District Judge:

This is a diversity action in negligence arising out of injuries allegedly caused by a rear-end collision on September 5, 1988, at the intersection of Second Avenue and Saint Mark's Place in the borough of Manhattan in New York City, New York. Plaintiffs Leticia Ortiz ("Ortiz") and Jesse Guevara ("Guevara") have moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is denied.

## BACKGROUND

Plaintiff Ortiz is a resident of Massachusetts who was visiting New York City on September 5, 1988, the day of the accident. Defendant David E. Rosner ("Rosner") is a resident of New Jersey who, at the time of the accident, was an employee of defendant Filter Cab Corporation ("Filter Cab"), a New York Corporation. At the time of the accident, plaintiff Ortiz was a passenger in her own vehicle which was being driven by a third party, Joan Straussman. Defendant Rosner was driving a medallion taxi owned by defendant Filter Cab. Both Ortiz's vehicle and defendants' taxi were southbound on Second Avenue when the taxi struck Ortiz's vehicle in the rear while it was stopped at the intersection of Second Avenue and St. Mark's Place.

Plaintiff Ortiz seeks damages against defendants in the sum of $750,000 for personal injuries sustained due to the alleged negligence of defendants in the ownership, operation, maintenance and control of their vehicle. Plaintiff Guevara, the husband of plaintiff Ortiz, seeks $250,000 for the loss of his wife's services as a result of the accident. Plaintiffs have now moved for an order granting summary judgment in plaintiffs' favor on the issue of liability and directing an assessment of plaintiffs' damages.

## DISCUSSION

### I. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); Lang v. Retirement Living Publishing Co., 949 F.2d 576, 580 (2d Cir.1991). Summary judgment "is appropriate only 'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " Thornton v. Syracuse Savings Bank, 961 F.2d 1042, 1046 (2d Cir. 1992) (quoting Celotex, 477 U.S. at 322, 106 S.Ct. at 2552).

"In deciding whether to grant summary judgment all inferences drawn from the materials submitted to the trial court are viewed

in a light most favorable to the party opposing the motion. The nonmovant's allegations are taken as true and it receives the benefit of the doubt when its assertions conflict with those of the movant." *Cruden v. Bank of New York,* 957 F.2d 961, 975 (2d Cir.1992). "Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." *Id.; accord Taggart v. Time Inc.,* 924 F.2d 43, 46 (2d Cir.1991); *see also Lang,* 949 F.2d at 580 ("In determining how a reasonable jury would decide, the court must resolve all ambiguities and draw all inferences against the moving party."); *Binder v. Long Island Lighting Co.,* 933 F.2d 187, 191 (2d Cir.1991) ("Viewing the evidence produced in the light most favorable to the nonmovant, if a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate.").

The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and identifying which materials "it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Once a motion for summary judgment is properly made, however, the burden then shifts to the non-moving party, which " 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511 (quoting Fed.R.Civ.P. 56(e)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

*Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2510 (emphasis in original). "Conclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts.' " *Delaware & Hudson Railway Co. v. Consolidated Rail Corp.,* 902 F.2d 174, 178 (2d Cir.1990) (quoting *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512 and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)), *cert. denied,* —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991). "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." *Western World Insurance Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir. 1990) (quotations omitted); *see also Gnazzo v. G.D. Searle & Co.,* 973 F.2d 136, 138 (2d Cir.1992) ("[The Court must] consider the record in the light most favorable to the nonmovant. However, the non-movant may not rest upon the mere allegations or denials of her pleading, but must set forth specific facts showing that there is a genuine issue for trial.") (quotation and citations omitted).

## II. MATERIAL FACTS UNDER NEW YORK LAW

■ In a diversity case such as this one, the New York substantive law of negligence determines the facts that are material. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under New York law, "[t]o prove a prima facie case of negligence, the plaintiff must establish the existence of a duty on the defendant's part to the plaintiff, the breach of the duty, and that the breach of the duty was a proximate cause of an injury to the plaintiff." *Gordon v. Muchnick,* 180 A.D.2d 715, 715, 579 N.Y.S.2d 745, 746 (2d Dep't 1992); *see also Akins v. Glens Falls City School Dist.,* 53 N.Y.2d 325, 333, 424 N.E.2d 531, 535, 441 N.Y.S.2d 644, 648 (1981). Summary judgment is difficult to obtain in negligence actions because whether conduct is "negligent" is a factual determination in all but the most extreme situations. *See INA Aviation Corp. v. United States,* 468 F.Supp. 695, 699 (E.D.N.Y.1979) ("As a

general proposition, negligence questions are properly resolved at trial because, upon a motion for summary judgment, a court may not try issues of fact; it may only determine whether there are factual issues to be tried."), aff'd, 610 F.2d 806 (2d Cir.1979); see also Siegel, Practice Commentaries, McKinney's Cons.Laws of N.Y. 7B, C.P.L.R. 3212:8, at p. 316 (1992) ("The very question of whether the defendant's conduct amounts to 'negligence' is inherently a question for the fact-trier in all but the most egregious instances."). In a negligence suit, "the plaintiff will generally be entitled to summary judgment only in cases in which there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct either was not really involved … or was clearly of exemplary prudence in the circumstances." Andre v. Pomeroy, 35 N.Y.2d 361, 365, 320 N.E.2d 853, 855, 362 N.Y.S.2d 131, 134 (1974) (quotation and citation omitted). Thus, "[s]ummary judgment … is not precluded where the facts are undisputed and where, as a matter of law, the conduct of the defendant is negligent." Young v. City of New York, 113 A.D.2d 833, 833, 493 N.Y.S.2d 585, 586 (2d Dep't 1985).

■ New York law imposes a duty on drivers to follow other vehicles at a "reasonable and prudent" distance. N.Y. Vehicle and Traffic Law, § 1129(a).[1] Failure to do so in the absence of an "adequate explanation" constitutes negligence as a matter of law. Rebecchi v. Whitmore, 172 A.D.2d 600, 601–02, 568 N.Y.S.2d 423, 424 (2d Dep't 1991); see also Leber v. Hill, 671 F.Supp. 321, 324 (S.D.N.Y.1987); Gass v. Flynn, 57 Misc.2d 893, 895, 293 N.Y.S.2d 791, 794 (Sup. Ct.1968) ("An operator of an automobile must at all times have his car under such control and at such a reasonable distance away from the preceding car so that if that preceding car does stop suddenly for whatever reason the operator of the car behind can stop his car without ramming into the preceding one."). When a vehicle is "lawfully stopped" a rear-end collision "is sufficient to create a prima facie case of liability with respect to

the operator of the moving vehicle and imposes a duty of explanation on the operator of the moving vehicle." Edney v. Metropolitan Suburban Bus Auth., 178 A.D.2d 398, 399, 577 N.Y.S.2d 102, 103 (2d Dep't 1991) (quotations and citations omitted); see also Gass v. Flynn, 57 Misc.2d at 896, 293 N.Y.S.2d at 795 (finding that an "amber" traffic light was an adequate warning of an impending stop if vehicle had been under "proper control").

■ However, the Court emphasizes that the fact that an accident involves a rear-end collision does not automatically establish liability as a matter of law. While known adverse road conditions are not adequate to rebut the inference of negligence created by a rear-end collision, "sudden or unavoidable circumstances which could have contributed to the happening of the accident" may create a material issue of fact which precludes summary judgment in a rear-end collision case. See Young 113 A.D.2d at 834, 493 N.Y.S.2d at 586. Such a circumstance might be that the preceding vehicle "stopped short," or that unforeseeable road conditions caused a skid. Carter v. Castle Electric Contracting Co., 26 A.D.2d 83, 85, 271 N.Y.S.2d 51, 54 (2d Dep't 1966); see also Bergman v. Kumm, 213 N.Y.S.2d 832, 833 (Sup.Ct.1961) ("when there is a sudden stop without warning, the operator of the rear car may not be held blameworthy"); Gabrielly v. Mailley, 19 Misc.2d 560, 560, 196 N.Y.S.2d 131, 132 (Sup.Ct.1959) ("Nor is the operator of the rear car necessarily negligent if it strikes the car ahead, which stopped without warning."). Thus, the critical issue in the instant case is whether defendants have raised a material issue of fact as to the existence of an adequate explanation for the rear-end collision which would preclude summary judgment on the issue of liability.

## III. APPLICATION TO THE INSTANT CASE

■ Plaintiffs urge summary judgment on grounds that the material facts of the case

---

**1.** Section 1129(a) states the following: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and pru-

dent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

are undisputed: (1) the Ortiz vehicle was stopped at a red traffic signal; (2) it was hit from behind by defendants' taxi; and (3) that, as a matter of law, Rosner's conduct was negligent because he removed his eyes from the road and because his speed was too great to be able to avoid striking a preceding vehicle at the distance he was following. *See* Plaintiffs' Memorandum of Law, dated June 3, 1992. Essentially, defendants counter that Rosner's deposition testimony indicates that the traffic light was green, that Ortiz's vehicle had stopped without warning in moving traffic and, hence, Rosner's conduct was not unreasonable as a matter of law. *See* Defendants' Memorandum of Law, dated June 11, 1992, at 1. Moreover, defendants contend that Ortiz's deposition testimony indicates that the reason her car was stopped in moving traffic was to allow her daughter to move from the back seat of the car to the front seat. *Id.*

Upon an examination of the deposition testimony of Ortiz and Rosner, the Court finds issues of material fact exist which preclude entering summary judgment in plaintiffs' favor. In her deposition testimony, plaintiff Ortiz states that the light "changed to red" as her vehicle approached it and that Ortiz's vehicle stopped at the light behind one other vehicle. Deposition of Leticia Ortiz, at 23–24. When asked how long her van was stationary before it was struck by Rosner's taxi, she replied, "I'd say a full minute." *Id.* at 24–25. During that time, Ortiz was "talking to [her] daughter" who was also in the vehicle. *Id.* Ortiz testified that while waiting at the light, she allowed her daughter to move from the back seat of the car to the front seat. *Id.* at 52. Ortiz did not recall whether cars were stopped to the right of her van immediately prior to the collision, *id.* at 24, nor had she observed the traffic to the rear of her van, *id.* at 25.

Defendant Rosner testified in his deposition that he was driving down Second Avenue at approximately twenty-five miles an hour. Deposition of David Rosner, at 14–15. He was behind a car that was travelling "approximately the same speed [that he] was" at a distance of approximately seven to ten feet. *Id.* at 15. The car in front of Rosner was not involved in the accident. *Id.* at 16. Rosner "wanted to change lanes" so he "glanced right" and looked over his shoulder, but "there was a car right next to [him]," and, thus, he was unable to change lanes. *Id.* at 14–15. He noticed that "the light was green, but that was from before ... [he] glanced back" in preparation to change lanes. *Id.* at 16–17. When he looked forward, the car that he had been following was no longer there and, instead, he saw Ortiz's vehicle stopped in his lane. *Id.* at 16. Rosner then "hit the brakes" but was unable to come to a complete stop. *Id.* at 17. Rosner estimated that the collision occurred one or two seconds after he resumed looking forward. *Id.* at 17. He testified that he believes there was a car stopped in front of the one he hit, *id.* at 17, but that the car to his right was not stopped and "[a]s [he] recall[s] traffic to the right of [him] was flowing." *Id.* at 18.

Keeping in mind that the Court must draw all inferences and resolve all conflicting assertions in defendants' favor, the Court finds that a reasonable trier of fact could find in favor of defendant and, thus, summary judgment should not be granted on the issue of liability. A jury might well determine that it is "reasonable and prudent" for a driver travelling down a busy, multi-lane street, such as Second Avenue, when the upcoming signal is green and the preceding vehicle is travelling at the same speed, to pull closer to the preceding vehicle than might otherwise be prudent in order to avoid losing speed before merging into traffic in the neighboring lane. *See, e.g., Velten v. Kirkbride,* 20 A.D.2d 546, 547, 245 N.Y.S.2d 428, 428 (2d Dep't 1963) (the question of "whether the defendant was negligent when he attempted to move into another lane and, when upon his inability to do so, he failed to bring his vehicle to a stop before it collided with plaintiff's vehicle" was an issue of fact which should be resolved at trial). In this situation, a jury also could find it reasonable for a driver to look to the right and over his shoulder before making the lane change. Furthermore, the jury could rationally infer that the car travelling in front of defendants' taxi was blocking Ortiz's stationary van from his sight and that the car abruptly changed lanes to avoid Ortiz's van, only then revealing the van to Rosner. They

might also infer that Ortiz's vehicle stopped at the red light but remained there after the light changed back to green either to allow Ortiz's daughter to move into the front seat, or because the car stopped in front of the van failed to move. Under these circumstances, the presence of Ortiz's van, stopped at a green light, could have been unforeseeable and could have occurred without warning to the defendant. Hence, the subsequent collision could have happened without negligence on Rosner's part.[2]

It is important to note, the conclusion that a rational trier could find for defendants does not reflect this Court's judgment as to the weight of the evidence, nor as to the truth of the matter. *See Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. However, it does preclude the Court from granting summary judgment for plaintiffs.

## CONCLUSION

For the foregoing reasons, the Court hereby denies plaintiffs' motion for summary judgment. The parties shall appear for a pre-trial status conference on April 16, 1993, at 3:00 p.m., in Courtroom 318.

**SO ORDERED**

---

2. The Court notes that defendants have also raised a material issue of fact as to whether Ortiz's own behavior may have contributed to the accident. Based upon Ortiz's deposition testimony, defendants argue that Ortiz's car may have been stopped in moving traffic in order for her to move her daughter from the back seat of the car to the front seat. This is a factual dispute which is not amenable to a summary judgment determination. As the Appellate Division has noted, "the question of comparative negligence which may exist between parties must be resolved prior to the assessment of damages and, therefore, restricts the plaintiffs' right to summary judgment on the issue of liability." *Rios v. Nicoletta,* 119 A.D.2d 562, 500 N.Y.S.2d 730, 731 (2d Dep't 1986). Therefore, the Court finds that this factual issue is an additional reason for precluding summary judgment in the instant case.