SECOND DEPARTMENT, OCTOBER, 1995

(October 2, 1995)

■ JOSEPH ABRAMOWICZ, Respondent, et al., Plaintiffs, v VALPAIS ROBERTO et al., Appellants. [631 NYS2d 442] —In a negligence action to recover damages for personal injuries, the defendants

appeal from a judgment of the Supreme Court, Kings County (Vaccaro, J.), entered November 23, 1993, which, upon the court directing a verdict in favor of the injured plaintiff on the issue of liability, and upon a jury verdict as to damages, is in favor of the injured plaintiff and against the defendants in the principal sum of $150,000.

Ordered that the judgment is affirmed, with costs.

This action arises from an automobile accident in which a tow truck owned by the defendant City of New York and operated by the defendant Roberto Valpais (sued here as Valpais Roberto) struck the rear of the injured plaintiff's van while the latter was stopped for a red traffic light. According to the account of the collision most favorable to the defendants, Valpais testified that due to rainy weather conditions, his visibility was limited and he failed to observe both the van and the red traffic light as he approached them. He further claimed that at a point approximately 50 feet from the intersection, a vehicle traveling in the opposite direction splashed water onto his windshield and temporarily obscured his vision. Valpais stated that he applied his brakes and skidded into the rear of the van. It is undisputed that the impact forced the van through the intersection, onto the sidewalk, and into a nearby building.

A rear-end collision into an automobile stopped for a red light creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of explanation upon the operator (see, Gambino v City of New York, 205 AD2d 583; Starace v Inner Circle Qonexions, 198 AD2d 493; Edney v Metropolitan Suburban Bus Auth., 178 AD2d 398; Benyarko v Avis Rent A Car Sys., 162 AD2d 572). Moreover, when a driver approaches another vehicle from the rear, the driver is bound to maintain a reasonably safe rate of speed, to maintain control of his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (see, Benyarko v Avis Rent A Car Sys., supra; Young v City of New York, 113 AD2d 833). Under the circumstances of this case, Valpais was negligent as a matter of law in failing to observe the van stopped at the red traffic light in front of him and in failing to maintain a reasonably safe speed as he approached the intersection. Viewing the evidence in the light most favorable to the defendants, no "emergency" excused this negligent conduct. The defendants did not present sufficient evidence to withstand the injured plaintiff's motion for a directed verdict (see generally, Pincus v Cohen, 198 AD2d 405; Young v City of New York, supra; O'Callaghan v Flitter, 112 AD2d 1030). Given the overwhelming and undisputed evidence of Valpais' fault and the absence

of evidence of any culpable conduct on the part of the injured plaintiff, the Supreme Court acted properly in directing a verdict in favor of the injured plaintiff on the issue of liability *(see generally, Conyers v Vinti,* 107 AD2d 787). Sullivan, J. P., Rosenblatt, Thompson and Ritter, JJ., concur.