■ JOSEPH MASSIE, JR., et al., Appellants, v COMMERCIAL ENVELOPE MANUFACTURING Co., INC., Respondent. (And a Third-Party Action.) [666 NYS2d 504] —In an action to recover damages for negligence, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Golia, J.), dated April 3, 1997, as denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Joseph Massie was hired by the defendant to inspect and possibly replace a blower unit on its premises that was part of its heating, ventilating, and air-conditioning system. The blower unit was located on an interior sheet metal roof. Massie, using his own ladder, gained access to the roof. During the course of his inspection, the roof collapsed and Massie plummeted to a concrete floor. He thereafter commenced this action against the defendant to recover damages arising from negligence. Massie alleged that the roof collapsed, *inter alia,* because it was improperly constructed and supported, and because it was improperly used to store materials and debris. Massie's wife, the plaintiff Claire Massie, asserted derivative claims. After issue was joined, the plaintiffs moved for summary judgment on the issue of liability. In the order appealed from, the Supreme Court, *inter alia,* denied the plaintiffs' motion for summary judgment, finding issues of fact. The plaintiffs now appeal.

Massie does not allege, and there is no evidence, that the defendant directed or controlled Massie's work in any manner. Rather, it appears that the defendant relied on Massie's training and expertise as to the performance of the contracted-for work. Further, there is no evidence that the defects complained of were not and/or could not have been discovered through inquiry or inspection. Thus, Massie's actions in entering onto the sheet metal roof to inspect the blower unit without, *inter alia,* any apparent inquiry, inspection, or precautions, even though he observed various debris thereon, including car tires and 12 to 15 boxes with unknown contents, raises a question of fact as to his comparative fault warranting denial of summary judgment as to liability (*see, MacDowell v Koehring Basic Constr. Equip.,* 49 NY2d 824; *Gibson v American Export Isbrandtsen Lines,* 125 AD2d 65; *Rios v Nicoletta,* 119 AD2d 562).

The parties' remaining contentions are without merit. Rosenblatt, J. P., Altman, Florio and McGinity, JJ., concur.