■ GEORGE V. BENYARKO et al., Appellants, v AVIS RENT A CAR SYSTEM, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), entered March 24, 1989, which denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for an assessment of damages.

It is undisputed that while the plaintiff Yvonne C. Benyarko was stopped for a red light at an intersection, her automobile was struck in the rear by a vehicle owned by the defendant Avis Rent A Car System, Inc. and operated by the defendant Wesley H. Ford. In similar circumstances, this court previously held: "When a rear-end collision occurs * * * such collision is sufficient to create a prima facie case of liability on the part of defendant and imposes a duty of explanation with respect to the operator of the offending vehicle * * * When a driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed and to maintain control of his vehicle and use reasonable care to avoid colliding with the other vehicle * * * [c]onclusory allegations * * * in opposition do not rebut the inference of negligence created by the unexplained rear-end collision" (*Young v City of New York,* 113 AD2d 833, 834; *see also, O'Callaghan v Flitter,* 112 AD2d 1030).

The statements made by the defendant Ford in his affidavit in opposition to the effect that he saw cars waiting for a red light "half a block" ahead and that he applied his brakes but slid into the plaintiff driver's vehicle due to the wet roadway, are insufficient to rebut the inference of negligence and to raise a triable issue of fact as to liability (*Young v City of New York, supra; O'Callaghan v Flitter, supra).* Moreover, the admission made by the defendant Ford in a signed "witness statement" accompanying the "Motor Vehicle Accident" report that he was driving in the rain at 40 miles per hour in a 30 miles-per-hour zone, was not subsequently challenged by him and therefore conclusively establishes his negligence as a matter of law (*see,* Vehicle and Traffic Law § 1180; *see also, Andre v Pomeroy,* 35 NY2d 361; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833; *Stanisz v Tsimis,* 96 AD2d 838). Since the defendant failed to come forward with sufficient facts to raise a triable issue regarding a defense or with any evidence of negligent conduct on the part of the plaintiff driver, the plaintiffs are entitled to summary judgment on the issue of liability. Thompson, J. P., Brown, Eiber and Miller, JJ., concur.