■ HELENE PARISE, Respondent, v HERBERT MELTZER, Defendant, and ROBERT HARRIS, Appellant. [611 NYS2d 291] —In an action to recover damages for personal injuries, the defendant Robert Harris appeals from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated July 8, 1992, as denied his cross motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs to the appellant, the cross motion is granted, and, upon searching the record, the complaint is dismissed as to both defendants.

This action arose from an automobile accident in which the plaintiff's automobile collided with the rear of the automobile operated by the appellant Robert Harris, which was in turn propelled into the rear of the automobile operated by the defendant Herbert J. Meltzer. The Supreme Court denied the motion by Meltzer and the cross motion by the appellant for summary judgment, finding that the plaintiff had raised triable issues of fact as to the cause of the accident. We disagree.

It is well settled that where a vehicle is lawfully stopped, there is a duty imposed upon the operators of vehicles travelling behind it in the same direction to come to a timely halt (see, Young v City of New York, 113 AD2d 833). Accordingly, a rear-end collision into a lawfully-stopped vehicle creates a prima facie case of liability in favor of the operator of the stationary vehicle and imposes a duty of explanation on the operator of the moving vehicle (see, Edney v Metropolitan Suburban Bus Auth., 178 AD2d 398; Benyarko v Avis Rent A Car Sys., 162 AD2d 572, 573).

To defeat a motion for summary judgment, the plaintiff is obligated to produce evidentiary proof in admissible form sufficient to require a trial (see, Zuckerman v City of New

*York,* 49 NY2d 557, 562). Here, the conclusory allegations contained in the plaintiff's affidavit were insufficient to overcome the facts established by the defendants that they were both at a full stop before the collision *(see, Rebecchi v Whitmore,* 172 AD2d 600, 601). Because no evidence was presented to show any fault on the part of the defendants, the motion and cross motion for summary judgment should have been granted *(see, Dickens v Merritt,* 123 AD2d 738, 739). While Meltzer has not cross-appealed from the order, we exercise our power to search the record, and conclude that the action should be dismissed in its entirety *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111; *Lopez v Senatore,* 97 AD2d 787, *revd on other grounds* 65 NY2d 1017). Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.