■ PAULETTE DAWKINS, Appellant, v BARBARA A. CRAIG, Respondent. [628 NYS2d 371] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated March 7, 1994, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

It is undisputed that the plaintiff's vehicle was stopped at an intersection, facing north, while the plaintiff waited to make a left turn, when her vehicle was struck in the rear by the car owned and operated by the defendant.

When a rear-end collision occurs under the circumstances which occurred in this case, the collision is sufficient to create

a prima facie case of liability on the part of the defendant and imposes a duty of explanation with respect to the operator of the offending vehicle *(see, Mead v Marino,* 205 AD2d 669; *Young v City of New York,* 113 AD2d 833).

The defendant asserted in her examination before trial and in her affidavit in opposition to the plaintiff's motion that she had been traveling behind a van for approximately one mile. Because the van was higher than her car, she could not see the plaintiff's car, which was in front of the van, until the van pulled to the right. At that point, she was too close to stop, although she attempted to steer her vehicle to the right to avoid the impact.

At her deposition, the defendant admitted that the traffic conditions were normal, she was traveling between 35 and 40 miles per hour, the plaintiff's vehicle was stopped, and her directional signal was on. The defendant was about three car lengths, or 36 feet, behind the van prior to the accident and she was at least 24 feet behind the plaintiff's vehicle when she first saw it. She also admitted that she never described or even mentioned this van to the police officer who responded to the scene.

A motion for summary judgment will be granted where, as here, the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party. Since the van was able to pass the plaintiff's vehicle on the right and the defendant admitted that she observed the plaintiff's vehicle when she was at a distance of at least 24 feet, there is no logical explanation as to why she was not able to pass the plaintiff's vehicle on the right. Under these circumstances, the defendant's claim of an unavoidable accident lacks merit, as does her contention that she was faced with an emergency situation. The emergency doctrine has no application where, as here, a party seeking to invoke it has created or contributed to the emergency *(see, Sweeney v McCormick,* 159 AD2d 832, 833). The defendant contributed to the emergency situation by following too closely to the van she claims was in front of her.

Since the defendant failed to meet her burden of establishing the existence of material questions of fact, the plaintiff is awarded summary judgment on the issue of liability. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.