■ ROBERT BAKER et al., Appellants, v E. W. HOWELL COMPANY et al., Defendants, and PRESTIGE INTERIOR DECORAT-

ING, INC., Respondent. [629 NYS2d 24] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered May 10, 1994, which granted the motion by defendant Prestige Interior Decorating, Inc. to vacate its default, unanimously reversed, on the law, and the motion is denied, with costs.

On October 15, 1992, the summons and complaint in this personal injury action were served, *inter alia*, upon the Secretary of State on behalf of Prestige, in accordance with Business Corporation Law § 306 (b), and presumably forwarded by the Secretary to said defendant's registered address, 40 Exchange Place, in New York City. When Prestige alone failed to answer the complaint, plaintiffs' counsel mailed a copy of the summons and complaint to Prestige at the listed address by certified mail, advising of the earlier service upon the Secretary of State. This mailing was returned by the post office, marked "Refused". Counsel thereafter wrote to Prestige by regular mail, on January 5 and April 8, 1993, advising of potential default for failure to answer the complaint. Neither of these letters was returned for failure of delivery; nor was a cross claim by the codefendants, which was served by regular mail upon Prestige on April 14.

In late April 1993, plaintiffs' counsel received a telephone call from Mary Giella of Elite Insurance Agency in New Hyde Park, who described herself as the insurance agent for Prestige, and advised that the summons and complaint would be forwarded immediately to the insurance carrier. Having received no contact from Prestige's carrier, plaintiffs moved for default in August 1993; judgment was granted on October 21, and an inquest ordered.

On November 19, 1993, counsel again wrote to Prestige, by certified and regular mail, advising it of the default judgment and suggesting that its insurance carrier be notified. The certified mailing was returned, again marked "Refused", but the regular mailing was not returned. Ten days later, Prestige's insurance carrier, CIGNA, apparently became aware of the lawsuit and undertook to defend, but plaintiffs refused the carrier's request to accept service of a late answer.

The motion to vacate default asserted that Prestige had not learned of the lawsuit until January 1993, at which point it promptly notified its insurance agent. The nearly 11-month delay in responding to the complaint was attributed to "clerical error or misrouting of legal papers between the broker and CIGNA".

In support of the motion to vacate default, the president of the company stated that the address on file with the Secretary

of State was "stale" because Prestige had gone "out of business" in 1991, and that "a separate, different company called Prestige Decorating & Wallcovering, Inc." was now doing business at that address, although not accepting mail for the defunct company. CIGNA's claims supervisor indicated that the mailing address for the new company was 27 William Street (which is apparently the same building as 40 Exchange Place). If a "stale address" was still on file with the Secretary of State a full year after going out of business, that was Prestige's fault. A corporation's failure to keep its mailing address and status up to date with the Secretary of State will not constitute reasonable excuse to vacate a default judgment (*Cedeno v Wimbledon Bldg. Corp.*, 207 AD2d 297, 298, *lv dismissed* 84 NY2d 978). Indeed, there is no evidence in the record that Prestige was ever dissolved. As late as February 1994, the office listed in the telephone directory for "Prestige Interior Decorators, Inc." at 40 Exchange Place was still answering to that specific name.

Moreover, Prestige's default appears to have been deliberate. Refusal of the certified mailings (one containing the summons and complaint and the other with the notification of default), coupled with the admitted receipt of at least one of the regular mailings (the January 1993 notification of potential default in failing to answer) and the presumptive delivery of all others mailed in the same fashion (*Engel v Lichterman*, 62 NY2d 943), indicates a deliberate attempt to avoid service. The fair inference is that this defendant was well aware of the pendency of the lawsuit, and chose to ignore it. Under these circumstances, we need not even address the weakness of Prestige's defense on the merits (*Worrell v 845 E. 136th St.*, 129 AD2d 528). Concur—Rosenberger, J. P., Wallach, Rubin and Mazzarelli, JJ.