■ VINCENZO BARILE et al., Respondents, v PHILIP J. LAZZARINI et al., Respondents, and LEONARDO IOVINO et al., Appellants. [635 NYS2d 694] —In an action to recover damages for personal injuries, etc., the defendants Leonardo Iovino and Iovino Mason Contracting, Inc., appeal from an order of the Supreme Court, Nassau County (Winick, J.), dated September 9, 1994, which denied their motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the appellants' motion is granted, and the complaint and cross

claims insofar as they are asserted against the appellants are dismissed.

This action arises out of a two-vehicle collision in which a truck driven by the defendant Leonardo Iovino and owned by the defendant Iovino Mason Contracting, Inc. (hereinafter the appellants) and in which the plaintiff Vincenzo Barile was a passenger, was hit in the rear by a van driven by the defendant Philip J. Lazzarini and owned by the defendant Germinsky Electrical Co., Inc. (hereinafter the defendants-respondents), at the end of an exit ramp that merged into the service road off the Long Island Expressway. In opposition to the appellants' motion for summary judgment, the defendants-respondents submitted the deposition testimony of Lazzarini, in which he claimed that, although he saw the truck at the end of the exit, about three car lengths or 54 feet in front of him, he did not see any signal lights or hand signals indicating that the truck was stopped. The Supreme Court denied the appellants' motion for summary judgment. We reverse.

A rear-end collision into a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of explanation on its operator (*see, Gambino v City of New York*, 205 AD2d 583; *Starace v Inner Circle Qonexions*, 198 AD2d 493; *Edney v Metropolitan Suburban Bus Auth.*, 178 AD2d 398; *Benyarko v Avis Rent A Car Sys.*, 162 AD2d 572, 573). The operator is required to rebut the inference of negligence created by the unexplained rear-end collision (*see, Pfaffenbach v White Plains Express Corp.*, 17 NY2d 132, 135), since the operator of the moving vehicle is in a better position "to excuse the collision either through a mechanical failure, or a sudden stop of the vehicle ahead, or an unavoidable skidding on a wet pavement, or any other reasonable cause" (*Carter v Castle Elec. Contr. Co.*, 26 AD2d 83, 85). If the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law (*see, Starace v Inner Circle Qonexions, supra*, 198 AD2d, at 493; *Young v City of New York*, 113 AD2d 833, 834).

It is undisputed that the defendants-respondents' vehicle struck the appellants' vehicle in the rear end. Thus, the requisite prima facie case of negligence has been established. The key question is whether the defendants-respondents adequately rebutted the inference of negligence by Lazzarini's deposition testimony, in which he stated that he saw a truck in front of him, and further stated that he did not see any signal lights or hand signals indicating that the truck was stopped.

It is well established that when a driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed, maintain control of his vehicle, and use reasonable care to avoid colliding with the other vehicle (*see, Benyarko v Avis Rent A Car Sys., supra*, at 573; *Young v City of New York, supra*, at 834). Furthermore, since Lazzarini was under a duty to maintain a safe distance between the two vehicles, his failure to do so in the absence of an adequate, nonnegligent explanation constituted negligence as a matter of law *(see,* Vehicle and Traffic Law § 1129 [a]).

Under the circumstances of this case, Lazzarini's statement that he did not observe any signal lights or hand signals, indicating that the truck was stopped, is insufficient to establish a genuine issue of material fact precluding summary judgment. Whether or not the truck was stopped at the end of the exit or was attempting to merge into the traffic on the service road, Lazzarini's testimony that he saw the truck about 54 feet in front of him, and his inability to reduce his speed and bring his vehicle to a stop to avoid hitting the truck, establishes that Lazzarini was traveling at a speed that was excessive for an exit ramp merging into a service road. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.