■ ANNE J. DEL CASINO, Respondent, v ADOLPH KOEPPEL et al., Appellants. [639 NYS2d 958]

Ordered that the order is affirmed, with costs, for reasons stated by Justice Robbins at the Supreme Court. Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.

■ ERNEST GLADSTONE et al., Respondents, v ESTHER HACHUEL, Appellant. [639 NYS2d 856]

A rear end collision with a stopped vehicle creates a prima facie case of liability on the part of the moving vehicle and imposes a duty of explanation on the part of the driver of the offending vehicle (*see, Barile v Lazzarini,* 222 AD2d 635; *Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572; *Young v City of New York,* 113 AD2d 833). The undisputed facts in the parties' affidavits concerning the accident establish that the defendant's car collided with the rear end of the plaintiffs' car when it stopped to yield to a police car at an intersection. The defendant was under a duty to maintain a safe distance between the two vehicles (*see,* Vehicle and Traffic Law § 1129 [a]; *Barile v Lazzarini, supra*). Since the defendant failed to come forward with sufficient facts to raise a triable issue regarding a defense or with any evidence of negligent conduct on the part of the plaintiff driver, the plaintiffs are entitled to partial summary judgment on the issue of liability (*see, Barile v Lazzarini, supra; Benyarko v Avis Rent A Car Sys., supra*). Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.