■ GREGORY CORBLY et al., Appellants, v CELESTE T. BUTLER et al., Respondents. [641 NYS2d 71] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered July 20, 1995, which, upon an order of the same court, dated May 22, 1995, granting the motion of the defendants Chien Hua Yang and Kiam Toh for summary judgment, dismissed the complaint insofar as asserted against them. The plaintiffs' notice of appeal from the order dated May 22, 1995, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

This action arises from a three-car collision in which a car driven by the defendant Chien Hua Yang was rear-ended by a car driven by the plaintiff Gregory Corbly, which in turn was rear-ended by a car driven by the defendant Celeste T. Butler. The vehicle driven by Chien Hua Yang was owned by the defendant Kiam Toh. The plaintiffs commenced this action for damages arising from negligence. We now affirm the dismissal of the complaint against Chien Hua Yang and Kiam Toh.

A rear-end collision with a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes upon him or her a duty of explanation (*see, Gambino v City of New York,* 205 AD2d 583; *Starace v Inner Circle Qonexions,* 198 AD2d 493; *Edney v Metropolitan Suburban Bus Auth.,* 178 AD2d 398; *Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572). Here, the explanation proffered by Corbly was insufficient to raise a triable issue of fact as to the negligence of Chien Hua Yang or Kiam Toh.

The defendant Chien Hua Yang averred that he was traveling at about 50 miles an hour when, upon observing brake lights and slowing traffic ahead of him, he was able to bring his vehicle to a safe stop. Approximately five seconds later, his vehicle was struck from the rear by Corbly's vehicle. Corbly,

who could not recall whether or not there were any vehicles in front of the vehicle of Chien Hua Yang, averred that he observed the brake lights of Yang's vehicle some five to 10 seconds before he skidded into the rear end of Chien Hua Yang's stopped car. Under such circumstances, Corbly's conclusory assertion that Chien Hua Yang stopped suddenly and unexpectedly is insufficient to satisfy his duty of explanation (*see, Benyarko v Avis Rent A Car Sys., supra; Young v City of New York,* 113 AD2d 833, 834). Accordingly, the court properly determined that no triable issue of fact existed as to the negligence of Chien Hua Yang and Kiam Toh (*see, Collazo v Lewis,* 210 AD2d 451). Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.