■ ROULA AYOUB et al., Respondents, v HILTON H. DUFONT et al., Appellants. [644 NYS2d 555] —In a negligence action to recover damages for personal injuries, etc., the defendant Hilton H. Dufont appeals and the defendants Luis Cortez and Gladys Burgos separately appeal from an order of the Supreme Court, Kings County (Golden, J.), dated June 19, 1995, which denied their separate motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint is dismissed.

The instant action arose out of a three-vehicle accident in which the injured plaintiff's vehicle collided with the rear of the vehicle operated by defendant Hilton H. Dufont, who was stopped at a red light. Dufont's vehicle was then propelled into the vehicle operated by the defendant Luis Cortez and owned by defendant Gladys Burgos, which was also stopped at the same red light. The Supreme Court denied the separate motions of Dufont and Cortez and Burgos for summary judgment. We reverse.

"It is well settled that where a vehicle is lawfully stopped, there is a duty imposed upon the operators of vehicles traveling behind it in the same direction to come to a timely halt * * * Accordingly, a rear-end collision into a lawfully-stopped vehicle creates a prima facie case of liability in favor of the operator of the stationary vehicle and imposes a duty of explanation on the operator of the moving vehicle" (*Parise v Meltzer,* 204 AD2d 295; *see also, Barile v Lazzarini,* 222 AD2d 635; *Rafkind v Clark,* 221 AD2d 611). Since the conclusory allegations contained in the injured plaintiff's affidavit were insufficient to overcome the facts established not only by the defendants, but by the injured plaintiff's own testimony, that the defendants were at a full stop before the collision, the defendants are entitled to summary judgment dismissing the

complaint (*see, Parise v Meltzer, supra,* at 296). Bracken, J. P., Miller, Joy and Krausman, JJ., concur.