◼ MARY ELLEN JOHNSTON et al., Respondents, v MARK EL-DEIRY et al., Appellants. [645 NYS2d 878] —In an action to recover damages for personal injuries arising out of an automobile accident, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 23, 1995, which granted the plaintiffs' motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to explain how the accident occurred *(see, Leal v Wolff,* 224 AD2d 392; *Barile v Lazzarini,* 222 AD2d 635; *Rafkind v Clark,* 221 AD2d 611). The operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision, and if he or she cannot do so, the plaintiff may properly be awarded judgment as a matter of law *(see, Leal v Wolff, supra).*

In this case, it is undisputed that the plaintiffs' vehicle had been stopped for about one minute as they waited to make a left turn from Route 25A into a bank parking lot in East

Setauket. The defendant Mark El-Deiry claimed that a vehicle in front of him, a dark-colored jeep, obscured his vision of the plaintiffs' vehicle until the jeep swerved to the right to go around the plaintiffs' vehicle. Mr. El-Deiry testified at his examination before trial that traffic was moderate, that he was traveling at about thirty-five miles per hour, and that he was only two and one-half car lengths behind the jeep when it moved to pass the plaintiffs. Mr. El-Deiry admitted that he was seventy-five to one-hundred feet away from the plaintiffs' vehicle when he saw it and that he saw the plaintiffs' brake lights on. Although he claimed that he told the police officer who responded to the scene about the jeep, which had continued going and never stopped, there is no mention of the jeep in the police accident report.

Under these circumstances, the Supreme Court properly granted the plaintiffs' motion for partial summary judgment (see, Dawkins v Craig, 216 AD2d 436). Mr. El-Deiry concededly saw the plaintiffs' vehicle from a distance of seventy-five to one-hundred feet away and saw that it was stopped. However, he failed to pass safely to the right of the vehicle despite the fact that the jeep was able to do so. The Supreme Court correctly noted that the emergency doctrine has no application where, as here, the party seeking to invoke it has created or contributed to the emergency (see, Sweeney v McCormick, 159 AD2d 832, 833). Mr. El-Deiry contributed to the emergency situation by following too closely behind the jeep he claimed was in front of him (see, Dawkins v Craig, supra). Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.