■ SARA BARBA, JR., et al., Plaintiffs, and SARAH A. BARBA, Appellant, v BEST SECURITY CORPORATION et al., Respondents. [652 NYS2d 71] —In an action to recover damages for personal injuries, etc., the plaintiff Sarah A. Barba appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated February 7, 1996, as, upon the denial of the plaintiffs' motion for summary judgment on the issue of liability, denied her motion for summary judgment dismissing the counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff Sarah A. Barba's motion for summary judgment dismissing the counterclaim is granted and, upon searching the record, the plaintiffs' motion for summary judgment on the issue of liability is granted and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

The plaintiffs seek to recover damages based upon injuries sustained when the armored truck owned by the defendant Best Security Corporation and driven by the defendant James Padsett ran into the rear end of the vehicle operated by the appellant. At his examination before trial Padsett explained that the vehicles were moving slowly in stop-and-go traffic. As they were about to cross the intersection and as the plaintiffs' vehicle was in the process of stopping he "went further and hit" it.

Based on these facts we find that Padsett was under a duty to maintain a safe distance between the two vehicles (*see*, Vehicle and Traffic Law § 1129 [a]) and his failure to do so, in the absence of an adequate, non-negligent explanation, constituted negligence as a matter of law (*see, Gladstone v Hachuel*, 225 AD2d 730; *Bando-Twomey v Richkheimer*, 229 AD2d 554; *Leal v Wolff*, 224 AD2d 392; *Silberman v Surrey Cadillac Limousine Serv.*, 109 AD2d 833). Since the defendants failed to come forward with sufficient facts to raise a triable issue regarding a defense or as to any negligent conduct on the part of the appellant, the Supreme Court erred in failing to grant the appellant's motion for summary judgment dismissing the counterclaim for an "apportionment of responsibility" (*see, Barile v Lazzarini*, 222 AD2d 635; *Benyarko v Avis Rent A Car Sys.*, 162 AD2d 572).

Upon searching the record we find that it is appropriate to

award summary judgment on the issue of liability to the plaintiffs (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111; *Sciangula v Mancuso,* 204 AD2d 708). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.