■ WENDY ATKINSON, Respondent, v SAFETY KLEEN CORPORATION, Defendant and Third-Party Plaintiff-Appellant. BELTRONE CONSTRUCTION COMPANY, INC., Third-Party Defendant-Respondent. [659 NYS2d 132] —White, J. Appeals (1) from a judgment of the Supreme Court (Ryan, Jr., J.), entered March 20, 1996 in Clinton County, which, *inter alia*, granted plaintiff's motion for a directed verdict on the issue of liability, and (2) from an order and judgment of said court, entered April 1, 1996 in Clinton County, which, *inter alia*, granted third-party defendant's motion to dismiss the third-party complaint at the close of all the evidence.

After defendant rested in the trial of this automobile negligence action, Supreme Court directed a verdict in plaintiff's favor on the issue of liability and dismissed the third-party complaint. The jury then proceeded to award plaintiff $175,000 in damages. Defendant appeals, claiming that Supreme Court should have submitted the liability issues to the jury.

A trial court should not usurp the jury's role unless, viewing the evidence in the light most favorable to the nonmoving party, it is convinced that the jury could not find for the nonmoving party by any rational process (see, Fenton v Ives, 229 AD2d 704, 705; Davies v Contel of N. Y., 187 AD2d 898, 899-900). Here, plaintiff, a construction worker, testified that on May 24, 1989 her employer, third-party defendant, directed her to escort a front-end loader to a job site on the Northway in the Town of Lewis, Essex County. Plaintiff's escort vehicle was a small pick-up truck equipped with four-way flashers and a yellow bubble light on the roof of the cab. Plaintiff activated these lights and began to follow the front-end loader, proceeding at between 10 and 13 miles per hour in a southerly direction along the Northway with half of her vehicle on the shoulder and the other half in the right lane of travel.

There came a point when plaintiff noticed that there was a tractor-trailer behind her in the right lane. When plaintiff realized that this truck, owned by defendant and operated by David Hoolahan, was not moving out of the right lane to go around her, she unsuccessfully tried to get out of its way. In the ensuing collision, the tractor-trailer struck the rear of plaintiff's vehicle, propelling it some distance off the road. At the accident scene, Hoolahan admitted to plaintiff and the investigating officer that he had fallen asleep. At trial Hoolahan withdrew his admission, claiming instead that although he was driving carefully, he did not observe plaintiff's vehicle until he was 20 to 30 yards away, too late to avoid a collision even though he braked hard and turned to the left. On cross-examination, Hoolahan conceded that he was not sure what prevented him from observing plaintiff's vehicle sooner.

When a driver approaches another vehicle from the rear, he or she must maintain a reasonably safe rate of speed, maintain control of the vehicle and use reasonable care to avoid colliding with the other car (see, Darmento v Pacific Molasses Co., 81 NY2d 985, 988; Barile v Lazzarini, 222 AD2d 635, 637; see also, Vehicle and Traffic Law § 1129 [a]). A driver's failure to do so, in the absence of a nonnegligent explanation, constitutes negligence as a matter of law (see, Barba v Best Sec. Corp., 235

AD2d 381). Inasmuch as Hoolahan was unable to provide a nonnegligent explanation for the accident, and as the photographic evidence shows that he had an unobstructed view, he was clearly negligent as a matter of law. In its brief defendant formulates a number of issues relating to alleged culpable conduct by plaintiff and third-party defendant which it claims should have been presented to the jury. We disagree because none of these issues have evidentiary support in the record. Accordingly, applying the appropriate standard, we conclude that Supreme Court did not err in directing a verdict for plaintiff.

Defendant, in its amended third-party complaint, sought indemnification and/or contribution from third-party defendant. Defendant had no claim for common-law indemnification from third-party defendant since there was no possibility that defendant would have been found to be free from active fault and only vicariously liable (*see, Kozerski v Deer Run Homeowners Assn.*, 217 AD2d 841, 843). Nor was defendant entitled to contribution, as there is no evidence that third-party defendant breached a duty to defendant or plaintiff that contributed to plaintiff's injuries (*see, Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827). Thus, Supreme Court properly dismissed the third-party complaint.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment and order and judgment are affirmed, with one bill of costs.