■ KEITH MILLER et al., Appellants, v MARK C. IRWIN et al., Defendants, and LINDA WISE, Respondent. (Action No. 1.) MUSANIF MUHAMAD, Plaintiff, v ARLENE GULICK, et al., Defendants. (Action No. 2.) SALINA MANIA, Plaintiff, v MARK C. IRWIN et al., Defendants. (Action No. 3.) [663 NYS2d 110] —In three related actions to recover damages for personal injuries which were joined for trial, the plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated September 16, 1996, as granted that branch of the motion of the defendant Linda Wise which was for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

" 'It is well settled that where a vehicle is lawfully stopped, there is a duty imposed upon the operators of vehicles traveling behind it to come to a timely halt' " (*Ayoub v Dufont,* 229 AD2d 368, quoting *Parise v Meltzer,* 204 AD2d 295; *see also, Barile v Lazzarini,* 222 AD2d 635). Accordingly, a rear-end collision with a stopped automobile creates a prima facie case of liability in favor of the operator of the stationary vehicle, and imposes a duty on the operator of the moving vehicle to explain how the accident occurred (*see, Johnston v El-Deiry,* 230 AD2d 715; *see also, Cherpock v Carlo,* 243 AD2d 532 [decided herewith]; *Cammilleri v S & W Realty Assocs.,* 243 AD2d 530 [decided herewith]).

Contrary to the appellants' contention, the Supreme Court properly awarded summary judgment to the defendant Linda Wise. The record reveals that Wise was stopped at an intersection waiting to make a left turn when a vehicle operated by Lynn Francis came to a safe stop four or five feet behind her. A third vehicle, operated by Mark Irwin, then collided with the rear end of the Francis vehicle, propelling it into the Wise vehicle. Although Irwin testified that he did not know if the Francis vehicle was stopped when he first saw it from a distance of about 50 feet, he admitted that the vehicle's brake lights were on. Moreover, a passenger in Irwin's vehicle conceded that the Francis vehicle "looked like it was stopped" when she first saw it. Under these circumstances, a police report in which Francis stated that she saw brake lights suddenly appear in front of her is insufficient to raise an issue of fact as to whether any negligence on Wise's part was a proximate cause of the accident (*see, Bando-Twomey v Richheimer,* 229 AD2d 554; *Corbly v Butler,* 226 AD2d 418; *Barile v Lazzarini, supra*). Rosenblatt, J. P., Copertino, Krausman and Goldstein, JJ., concur.