■ CHRISTINE RIGO, Respondent, v MICHAEL T. LUDKE, Defendant, and SANDRA BELTRAN, Appellant. (Action No. 1.) TULIA CEULLAR et al., Plaintiffs, and SANDRA BELTRAN, Appellant, v MICHAEL T. LUDKE et al., Respondents. (Action No. 2.) [667 NYS2d 302] —In two related actions to recover damages for personal injuries, etc., Sandra Beltran, a defendant in Action No. 1 and a plaintiff in Action No. 2, appeals from an order of the Supreme Court, Suffolk County (Jones, J.), entered February 2, 1997, which, in effect, denied her motion for summary judgment dismissing the complaint insofar as asserted against her in Action No. 1 and all cross claims and counterclaims insofar as asserted against her in both actions.

Ordered that the order is reversed, on the law, with costs, Sandra Beltran's motion is granted, the complaint in Action No. 1 is dismissed insofar as asserted against her, and all cross claims and counterclaims in both actions are dismissed insofar as asserted against her.

"It is well established that when a driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed, maintain control of his vehicle, and use reasonable care to avoid colliding with the other vehicle" (*Barile v Lazzarini,* 222 AD2d 635, 637; *see also, Gladstone v Hachuel,* 225 AD2d 730; *Rafkind v Clark,* 221 AD2d 611; *Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580). In this case the car driven by Sandra Beltran was hit in the rear by a vehicle driven by Michael T. Ludke, which was then hit in the rear by the vehicle driven by Christine Rigo. There is no explanation in the record for Ludke's collision with Beltran's vehicle while Beltran was lawfully stopped for a red light, nor has Christine Rigo adequately explained why she collided with the rear of Ludke's vehicle which she allegedly saw when she was approximately 75 feet away (*see, e.g., Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572; *Young v City of New York,* 113 AD2d 833).

The parties' remaining contentions are without merit. O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.