■ JIMMY PAK FAI TAM, Appellant, v JIMMY MAGIROPOULOS, Respondent. [669 NYS2d 296] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Golia, J.), dated January 17, 1997, which (1) denied his motion for partial summary judgment on the issue of liability, (2) granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (3) dismissed the complaint.

Ordered that the order and judgment is reversed, on the law,

with costs, the plaintiff's motion for partial summary judgment on the issue of liability is granted, the defendant's cross motion for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

The defendant did not establish that his failure to maintain a safe distance between his vehicle and the vehicle directly in front of him constituted non-negligent conduct (*see*, Vehicle and Traffic Law § 1129 [a]). The defendant's failure to maintain a safe distance constituted negligence as a matter of law and warranted the granting of the plaintiff's motion for partial summary judgment against him on the issue of liability (*see*, *Barba v Best Sec. Corp.*, 235 AD2d 381; *Bando-Twomey v Richheimer*, 229 AD2d 554; *Gladstone v Hachuel*, 225 AD2d 730).

The issue of whether the plaintiff is entitled to recover for non-economic loss cannot be determined on this motion and cross motion for summary judgment. The plaintiff met his burden of demonstrating the existence of factual issues with respect to whether he suffered a serious injury within the meaning of Insurance Law § 5102 (d). The affirmation of the plaintiff's treating physician presents objective quantified evidence of the degree of limitation with respect to the use of the plaintiff's cervical range of motion (*see*, *Vance v Dong Li*, 241 AD2d 547; *Steuer v DiDonna*, 233 AD2d 494; *Washington v Mercy Home For Children*, 232 AD2d 549). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.