■ JEROME M. RUBIN, Plaintiff, v UNIVERSAL FORD, INC., et al., Defendants and Second Third-Party Plaintiffs-Respondents. HAROLD DENMARK, Fourth-Party Plaintiff-Respondent; GAINES SERVICE LEASING CORP. et al., Fourth-Party and Second Third-Party Defendants-Appellants; UJJAGAR SINGH et al., Second Third-Party and Second Fourth-Party Defendants-Appellants. (And Other Titles.) [673 NYS2d 187] —In an action to recover damages for personal injuries, the fourth-party and second third-party defendants Gaines Service Leasing Corp. and James Gladston appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated June 3, 1997, as denied their motion for summary judgment dismissing the fourth-party complaint, the second third-party complaint, and all cross claims insofar as asserted against them, and the second third-party and second fourth-party defendants Ujjagar Singh and Two-Alex Taxi, Inc., separately appeal from the same order.

Ordered that the appeal of the appellants Two-Alex Taxi, Inc., and Ujjagar Singh is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see*, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar appealed from by the fourth-party and second third-party defendants Gaines Service Leasing Corp. and James Gladston, their motion for summary judgment is granted, the fourth-party complaint, the second third-party complaint, and all cross claims are dismissed insofar as asserted against them; and it is further,

Ordered that the fourth-party and second third-party defendants Gaines Service Leasing Corp. and James Gladston are awarded one bill of costs.

The instant action and the related third- and fourth-party actions arise out of a six-car collision which occurred in the Queens-Midtown Tunnel on October 7, 1988. The plaintiff's vehicle struck the rear of a limousine owned by the appellant Gaines Service Leasing Corp. and operated by the appellant James Gladston (hereinafter the appellants), which was stopped because of traffic conditions. About 20 seconds to one minute later, the plaintiff's vehicle was struck in the rear by a vehicle owned by the defendant Universal Ford, Inc. (hereinafter Universal), and operated by the defendant Chong K. Lee. Although the sequence is not clear from the instant record, three other vehicles behind the Universal vehicle were also involved in the collision.

The plaintiff commenced the instant action against Universal and Chong K. Lee to recover damages for personal injuries allegedly sustained in the collision. A number of third-party and fourth-party actions were commenced by and against various persons involved in the collision. The instant appeal concerns only the fourth-party and second third-party actions which were commenced against the appellants. The appellants moved for summary judgment dismissing those complaints and all cross claims insofar as asserted against them. The Supreme Court denied the motion as premature (*see*, CPLR 3212 [f]). We reverse.

The appellants made a prima facie showing that they were not negligent, as a matter of law, under the circumstances of this case (*see, Johnston v El-Deiry*, 230 AD2d 715; *Corbly v Butler*, 226 AD2d 418; *Gladstone v Hachuel*, 225 AD2d 730; *Leal v Wolff*, 224 AD2d 392; *Barile v Lazzarini*, 222 AD2d 635). Universal, the only party that opposed the appellants' motion, did so only on the ground that the motion was premature. Universal's contention is without merit, as it is based upon a "[m]ere hope that somehow [it] will uncover evidence that will prove [its] case" (*Kennerly v Campbell Chain Co.*, 133 AD2d 669, 670; *see, Aminov v East 50th St. Rest. Corp.*, 232 AD2d 592, 593; *Abbenante v Tyree Co.*, 228 AD2d 529, 530). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.