■ Daniel Finnegan, Respondent, v JJS Transportation Co., Inc., et al., Respondents, and Laura Peters et al., Appellants. [675 NYS2d 298] —In an action to recover damages for personal injuries, the defendants Laura Peters and Richard Peters appeal from an order of the Supreme Court, Richmond County (Mastro, J.), dated June 13, 1997, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff was a passenger in a cab owned by the defendant JJS Transportation Co., Inc. (hereinafter JJS), and operated by the defendant James L. Manos. The cab struck the rear of the car owned by the appellant Laura Peters and operated by the appellant Richard Peters, as the Peters' vehicle was stopped at a construction worksite pursuant to a flagman's direction. The plaintiff allegedly sustained physical injuries as a result of the collision.

A rear-end collision with a stopped automobile creates a prima facie case of liability with respect to the moving vehicle. The operator of the moving vehicle must explain how the accident occurred to rebut the prima facie case of negligence (*see, Corbly v Butler*, 226 AD2d 418; *Barile v Lazzarini*, 222 AD2d 635). In the instant case, we find that neither the plaintiff, nor JJS or Manos, adduced any evidence sufficient to create a genuine issue of fact that Richard Peters was in any relevant way

negligent, or that his driving contributed to the happening of this accident (*see, Corbly v Bulter, supra; Barile v Lazzarini, supra*). Accordingly, the court should have granted the appellants' motion for summary judgment. Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.