■ IPPAZIO DANZA et al., Appellants, v LOUIS E. LONGIELIERE, Respondent. [681 NYS2d 603] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered February 18, 1998, which, after a jury verdict in favor of the defendant, denied their motion for judgment as a matter of law on the issue of liability, or, in the alternative, to set aside the verdict as against the weight of the evidence, and (2) a judgment of the same court, entered March 11, 1998, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the motion which was for judgment as a matter of law on the issue of liability is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of damages; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs seek to recover damages based upon injuries sustained when the vehicle operated by the defendant collided

with the vehicle owned by the plaintiff Michele Danza and operated by the plaintiff Ippazio Danza. Immediately prior to the accident, two vehicles traveling in line in front of the plaintiffs' vehicle suddenly stopped when a young boy darted out into the street. The plaintiffs' vehicle, which came to a complete stop five to six feet behind the second vehicle, was stopped for a few seconds before the defendant's vehicle collided with the rear end of the plaintiffs' vehicle. The defendant testified that although he was traveling approximately 20 to 25 miles per hour and was two to three car lengths behind the plaintiffs' vehicle, he was unable to avoid colliding with the plaintiffs' vehicle because of Danza's sudden stop.

A rear-end collision into a stopped automobile creates a prima facie case of negligence with respect to the operator of the moving vehicle, imposing a duty of explanation on its operator (*see, Hurley v Cavitolo,* 239 AD2d 559; *Gladstone v Hachuel,* 225 AD2d 730; *Barile v Lazzarini,* 222 AD2d 635). We find that the defendant's testimony to the effect that the accident was caused by the plaintiffs' sudden stop was insufficient to rebut the presumption that he was negligent (*see generally, Hurley v Cavitolo, supra; Barba v Best Sec. Corp.,* 235 AD2d 381; *Leal v Wolff,* 224 AD2d 392). Thus, the jury verdict in favor of the defendant could not have been reached upon any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129). Accordingly, the Supreme Court should have granted the plaintiffs' motion for judgment as a matter of law on the issue of liability. Rosenblatt, J. P., O'Brien, Sullivan and Krausman, JJ., concur.