■ Daniel P. Higgins et al., Respondents, v Ridgewood Savings Bank et al., Appellants, and Eladio Rousset, Respondent. [691 NYS2d 175] —In an action to recover damages for

personal injuries, etc., the defendants Ridgewood Savings Bank and Acosta Baudillo appeal, as limited by their brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Dowd, J.), dated April 21, 1998, as, upon a jury verdict finding them to be 40% at fault in the happening of the accident, is in favor of the plaintiffs and against them on the issue of liability.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the complaint and all cross claims are dismissed insofar as asserted against the defendants Ridgewood Savings Bank and Acosta Baudillo.

On the morning of August 23, 1993, the plaintiff Daniel P. Higgins was driving west on the Belt Parkway in Brooklyn. After passing Rockaway Parkway, Higgins slowed down and came to a complete stop because heavy traffic had caused the vehicles in front of him to stop. The defendant Acosta Baudillo, who was driving a van owned by the defendant Ridgewood Savings Bank (hereinafter Ridgewood), saw the Higgins vehicle stop. It is undisputed that Baudillo safely came to a full stop behind Higgins, and that his van was then struck in the rear by a vehicle operated by the defendant Eladio Rousset. The impact of the collision pushed the van into the rear of the Higgins vehicle. Explaining how the accident occurred, Rousset admitted that he looked away from the traffic in front of him for about three seconds to see if there was space for him to move into another lane. When Rousset turned his attention back to the road in front of him, the Baudillo van had already stopped. Although Rousset "jumped" on his brakes, he was unable to avoid striking the van in the rear.

At the close of the plaintiffs' case, Ridgewood and Baudillo moved pursuant to CPLR 4401 for judgment in their favor as a matter of law, but the trial court denied the motion and submitted the case to the jury. The jury returned a verdict apportioning Ridgewood and Baudillo 40% at fault and Rousset 60% at fault for the happening of the accident. Ridgewood and Baudillo then renewed their motion for judgment as a matter of law, and the court again denied their motion.

On appeal, Ridgewood and Baudillo assert that they were entitled to judgment as a matter of law because the evidence presented at trial established that Rousset's negligence was solely responsible for the accident. We agree. This Court has repeatedly observed that "[a] rear-end collision into a stopped automobile creates a prima facie case of liability with respect

to the operator of the moving vehicle, imposing a duty of explanation on its operator" (*Lopez v Minot,* 258 AD2d 564; *see, Danza v Longieliere,* 256 AD2d 434; *Hurley v Cavitolo,* 239 AD2d 559). The duty of explanation is imposed upon the operator of the moving vehicle because he or she is in the best position to explain whether the collision was due to a reasonable, nonnegligent cause (*see, Lopez v Minot, supra*; *Carter v Castle Elec. Contr. Co.,* 26 AD2d 83, 85).

Here, the record establishes that Baudillo brought the van he was operating to a safe stop, and was able to avoid hitting the Higgins vehicle. Although Rousset claimed that the van came to a sudden stop, he admitted that he was looking away from the traffic in front of him when the van stopped. Under these circumstances, Rousset's claim that the van came to a sudden stop is insufficient to rebut the presumption that his negligence was the sole, proximate cause of the accident (*see, Danza v Longieliere, supra*; *Mascitti v Greene,* 250 AD2d 821; *Leal v Wolff,* 224 AD2d 392; *Rebecchi v Whitmore,* 172 AD2d 600; *cf., Sanford v Stillitano,* 241 AD2d 489). Since there is no evidence that Baudillo was in any degree at fault in the happening of the accident, he and Ridgewood are entitled to judgment as a matter of law dismissing the complaint and all cross claims asserted against them (*see, Danza v Longieliere, supra*). Sullivan, J. P., Krausman, Florio and Smith, JJ., concur.