■ JANICE K. SCHMIDT et al., Appellants, v PHYLLIS EDELMAN, Respondent. [692 NYS2d 740] —In an action to recover dam-

ages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated June 25, 1998, which denied their respective motions for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motions for partial summary judgment are granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

The plaintiffs were injured when their vehicle, which was stopped as it waited to make a left turn, was struck in the rear by the defendant's vehicle. The defendant testified that she was aware that the plaintiffs' left turn signal was illuminated and that traffic was slowing down. However, she believed that the plaintiffs intended to turn left further up the block, and when she applied her brakes she skidded on the wet pavement and struck the rear of the plaintiffs' vehicle. The defendant further admitted that the plaintiffs' vehicle was stopped at the moment of impact.

It is well settled that where a vehicle is lawfully stopped, there is a duty imposed upon the operators of vehicles traveling behind it to come to a timely halt (*Miller v Irwin,* 243 AD2d 546; *Ayoub v Dufont,* 229 AD2d 368; *Parise v Meltzer,* 204 AD2d 295). Moreover, "[a] defense which *only* alleges that the defendant saw the plaintiff's vehicle [lawfully stopped] * * * that the brakes of the vehicle were applied, but the vehicle nevertheless slid or skidded into the plaintiff's vehicle * * * has been held insufficient to rebut the inference of negligence created by the unexplained rear-end collision (*see, Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572, 573; *Young v City of New York* [113 AD2d 833], *supra)*" (*Pincus v Cohen,* 198 AD2d 405, 406 [emphasis supplied]; *cf., Copeman v Moran,* 236 AD2d 507).

Applying these principles to the circumstances of this case, the defendant was liable as a matter of law and thus the plaintiffs are entitled to summary judgment on the issue of liability. Ritter, J. P., Santucci, Luciano and H. Miller, JJ., concur.