■ VALERIA MITCHELL et al., Appellants, v IRIS GONZALEZ, Respondent. [703 NYS2d 124] —Order, Supreme Court, Bronx County (George Friedman, J.), entered February 23, 1999, granting plaintiffs' motion to reargue and, upon reargument, adhering to its original decision to deny plaintiffs' motion for partial summary judgment as to liability, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.

The parties to this action were involved in an automobile collision on Flatbush Avenue in Brooklyn, at approximately 4:30 A.M., on November 10, 1996. They do not dispute the basic facts of the accident. The car driven by plaintiff Mitchell, in which plaintiff Blay was a passenger, was close behind another vehicle which stopped short so as to make an illegal U-turn. Plaintiffs' car was able to come to a complete stop behind this vehicle. Moments later, plaintiffs' stopped car was struck in the rear with great force by defendant's car, allegedly causing plaintiffs' injuries.

After depositions were conducted, plaintiffs moved for summary judgment. Defendant's husband, who had been driving the car, submitted an opposing affidavit arguing that defendant's car had been unable to stop in time because the roadway was wet. However, defendant did not explain why plaintiffs' car was able to stop safely at short notice despite these alleged road conditions.

Misapprehending what facts were in dispute, the IAS Court initially denied summary judgment because it perceived questions of fact as to whether *plaintiffs* stopped suddenly to make an illegal U-turn. Although the court granted reargument, it adhered to its original decision, correcting itself on the U-turn issue but not specifying what factual issues still remained. Presumably, the court was referring to defendant's allegations about the condition of the roadway.

Plaintiffs are entitled to summary judgment. A rear-end collision with a stationary vehicle creates a prima facie case of negligence, requiring judgment for plaintiffs unless defendant can proffer a non-negligent explanation for her failure to maintain a safe distance between the cars (*Asante v Williams*, 227 AD2d 123; *Abramowicz v Roberto*, 220 AD2d 374, 375). It is not a sufficient defense to claim that plaintiffs' vehicle stopped short (*Danza v Longieliere*, 256 AD2d 434, 435, *lv dismissed* 93 NY2d 957). *Danza* is factually similar to the instant case. The *Danza* plaintiffs' car came to a complete stop when the car in front of them stopped suddenly to avoid a child in the street. A few seconds later, they were hit from behind by the defendant's car. The appellate court granted plaintiffs' motion for judgment as a matter of law on the issue of liability, a result that is equally appropriate here.

Nor is a wet roadway a sufficient defense to rebut the presumption of negligence (*Crociata v Vasquez*, 168 AD2d 410, 411). A driver is expected to drive at a sufficiently safe speed and to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles, taking into account the weather and road conditions (*see, Rodriguez v City of New York*, 259 AD2d 280 [proximate cause of rear-end collision with stalled car on wet, foggy night was rear driver's failure to maintain safe speed and distance]). Defendant has not offered any reason why, if the road were so slippery, plaintiffs were able to stop their own car safely when the car in front of them made a sudden U-turn (*see, Man Ng v Reid*, 259 AD2d 601). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.