■ RICHARD CARDILLI, Appellant, v ROBERT P. MUNVES et al., Respondents, et al., Defendant. [710 NYS2d 905] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered July 6, 1999, as granted the motion of the defendants Robert Peter Munves and Chrystie Munves for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The evidence established that the vehicle operated by the respondent Chrystie Munves was lawfully stopped at an intersection waiting to make a left-turn and that its stop lights and left signal light were on. The vehicle operated by the defendant Inez Picani, in which the plaintiff's decedent was a passenger, hit the Munves vehicle in the rear. Accordingly, the respondents made a prima facie showing that they were not negligent as a

matter of law (*see, Miller v Irwin,* 243 AD2d 546; *Johnston v El-Deiry,* 230 AD2d 715). The plaintiff has failed to come forward with any evidence sufficient to raise an issue of fact as to whether Chrystie Munves was negligent and, if so, whether that negligence was a proximate cause of the accident (*see, Bando-Twomey v Richheimer,* 229 AD2d 554; *Corbly v Butler,* 226 AD2d 418; *Barile v Lazzarini,* 222 AD2d 635).

The plaintiff's mere hope that further discovery will uncover evidence to prove his case is insufficient to warrant denial of the motion (*see, Waste Servs. v Jamaica Ash & Rubbish Removal Co.,* 262 AD2d 401, 403; *Quinones v Board of Educ.,* 248 AD2d 696). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.