■ JOSE FIGUEROA et al., Appellants, v REYNALDO LUNA et al., Respondents. [721 NYS2d 635] —Order, Supreme Court, Bronx County (George Friedman, J.), entered December 29, 1999, which granted the respective motions by defendants Rey-

naldo Luna and Franklin Pujols and by defendants Abulla Muthana and Abulla M. Muthana to vacate an order granting judgment upon their default in appearance and directing the parties to proceed to inquest, and which deemed defendants' respective answers to the complaint timely, unanimously reversed, on the law, without costs, and the motions denied.

Plaintiffs Jose Figueroa and Frederick Gladney sustained injury when the automobile in which they were riding, driven by Figueroa, was struck from behind by a vehicle owned by defendant Reynaldo Luna and operated by defendant Franklin Pujols (the Luna defendants). The Luna vehicle was, in turn, struck by the automobile owned by defendant Abulla M. Muthana and operated by defendant Abulla Muthana (the Muthana defendants). The complaint was served on April 6, 1999. In mid-June, upon defendants' failure to answer, plaintiffs brought a motion for a default judgment. The motion, which was originally returnable July 1 but which, due to a technical defect, was ultimately returnable July 19, 1999, culminated in an order granting plaintiffs judgment on default and directing them to proceed to inquest (CPLR 3215 [a], [b]). In response to service of the order with notice of entry, defendant owners and operators of the respective vehicles separately moved, by way of orders to show cause dated August 31, 1999, to vacate their default, which motions were granted by Supreme Court in separate orders. Plaintiffs appeal, contending that defendants have failed to meet their burden of demonstrating a meritorious defense to the action.

We agree. The motion by the Luna defendants was supported only by the affidavit of counsel, who does not purport to have personal knowledge of the circumstances surrounding the accident. While defendants do not specify the grounds for relief, it is settled that whether the motion is predicated on CPLR 317 or 5015, "a party must submit an affidavit from an individual with knowledge of the facts" (*Peacock v Kalikow*, 239 AD2d 188, 190). The accident report submitted in support of the application does not constitute competent evidence: "A police accident report made by a police officer who was not an eyewitness containing hearsay statements regarding the ultimate issues of fact may not be admitted into evidence for the purpose of establishing the cause of the accident in question" (*Kajoshaj v Greenspan*, 88 AD2d 538, 539, citing *Murray v Donlan*, 77 AD2d 337).

*Held v Kaufman* (91 NY2d 425), on which the Luna defendants rely, is inapposite as it concerns a motion to dismiss a complaint pursuant to CPLR 3211 that was not converted to a

motion for summary judgment (*supra*, at 433). The distinction between the two forms of motion is that " 'CPLR 3211 allows plaintiff to submit affidavits, but it does not oblige him to do so on penalty of dismissal, as is the case under CPLR 3212' " (*Rich v Lefkovits*, 56 NY2d 276, 282, quoting *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635). A motion for summary judgment requires the opposing party to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, citing *Zuckerman v City of New York*, 49 NY2d 557, 562). The latter standard applies to a party seeking to vacate a default, who is required to submit "an affidavit, containing evidentiary facts, capable of being established at trial, by a person competent to attest to the meritorious nature of the action" (*Rodriguez v Middle Atl. Auto Leasing*, 122 AD2d 720, 722, *appeal dismissed* 69 NY2d 874).

While the Muthana application does not suffer from the same infirmity of proof, the claim that the Luna vehicle "stopped short" in front of their vehicle fails to make out a meritorious defense. "Drivers must maintain safe distances between their cars and cars in front of them * * * and this rule imposes on them a duty to be aware of traffic conditions, including vehicle stoppages" (*Johnson v Phillips*, 261 AD2d 269, 271). As this Court noted, "a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the second vehicle" and "the injured occupants of the front vehicle are entitled to summary judgment on liability, unless the driver of the following vehicle can provide a non-negligent explanation, in evidentiary form, for the collision" (*id.*). The conclusory assertion that the Luna vehicle stopped suddenly is insufficient to satisfy the duty of explanation (*see, Corbly v Butler*, 226 AD2d 418, 419; *see also, Benyarko v Avis Rent A Car Sys.*, 162 AD2d 572, 573; *Young v City of New York*, 113 AD2d 833, 834).

While it is not necessary to reach the issue, we note further that none of the defendants has offered a reasonable excuse for the failure to answer the complaint until several months after being served. Plaintiff's attorney contacted defendants' insurance carriers—on May 10, 1999 and June 9, 1999, respectively—to request that they appear and answer on behalf of their insureds. Defendants offer no explanation for their failure to serve their answers until the end of June (both of which were rejected) or to make any application until service of the notice to settle the default judgment, returnable August 19, 1999. The Luna defendants do not deny that they were served

with process on April 6, and it may be reasonably inferred that they deliberately chose to ignore the summons and complaint (*see, Baker v Howell,* 216 AD2d 242, 244; *Perellie v Crimson's Rest.,* 108 AD2d 903, 904). Defendant Abulla M. Muthana also submitted an affidavit conceding receipt of the summons and complaint on April 6, 1999. His subsequent contradictory statement is insufficient to establish a reasonable excuse for the delay (*Rodriguez v Middle Atl. Auto Leasing, supra,* at 722 [opening default requires "a meritorious cause of action, a reasonable excuse for the delay, and lack of prejudice to the opposing party"]). Concur—Rosenberger, J. P., Tom, Ellerin, Rubin and Buckley, JJ.