■ FULGENCIO M. ORTEGA et al., Appellants, v CITY OF NEW YORK et al., Respondents. [721 NYS2d 790] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 28, 2000, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

This action arises out of a two-vehicle collision in which a van owned by the defendant City of New York and operated by the defendant Michael A. Byron struck the rear of the injured plaintiff's car while the latter was stopped at an intersection.

A rear-end collision with a stopped vehicle creates a prima facie case of liability on the part of the moving vehicle and imposes a duty of explanation on the part of the driver of the offending vehicle (*see, Gladstone v Hachuel,* 225 AD2d 730; *Barile v Lazzarini,* 222 AD2d 635; *Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572; *Young v City of New York,* 113 AD2d 833). The plaintiffs established their entitlement to judgment as a matter of law and the defendants failed to raise a material issue of fact requiring a trial (*see, Levine v Taylor,* 268 AD2d 566; *Danza v Longieliere,* 256 AD2d 434; *Leal v Wolff,* 224 AD2d 392). Byron was under a duty to drive at a safe speed and maintain a safe distance between the two vehicles, always compensating for any known adverse road conditions (*see,* Vehicle and Traffic Law § 1129 [a]; *Young v City of New York, supra,* at 834). As he failed to do so, the plaintiffs are entitled to summary judgment on the issue of liability (*see, Gladstone v Hachuel, supra; Barile v Lazzarini, supra*). Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.