■ Victor A. Sabbagh et al., Respondents, v Raymond Shalom et al., Appellants. [735 NYS2d 593] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated May 9, 2001, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability. A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle, and imposes a duty of explanation upon him or her (see, Ortega v City of New York, 281 AD2d 466; Filippazzo v Santiago, 277 AD2d 419; Power v Hupart, 260 AD2d 458; Hurley v Izzo, 248 AD2d 674). The plaintiffs sustained their initial burden of demonstrating their entitlement to summary judgment by submitting evidence that the vehicle driven by the plaintiff Victor A. Sabbagh was lawfully stopped at a red light when it was struck in the rear by a vehicle operated by the defendant Debbie P. Shalom. Her testimony that she applied her brakes, but nevertheless slid into the plaintiffs' vehicle on the wet roadway, was insufficient to rebut the inference of negligence created by the rear-end collision, and raise a triable issue of fact to defeat summary judgment (see, Ortega v City of New York, supra; Shamah v Richmond County Ambulance Serv., 279 AD2d 564; Schmidt v Edelman, 263 AD2d 502; Benyarko v Avis Rent A Car Sys., 162 AD2d 572). Altman, J. P., Smith, Adams and Prudenti, JJ., concur.