◼ GAITREE DOODNAUTH et al., Respondents, v CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., et al., Appellants. [747 NYS2d 803]

A rear-end collision with a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of explanation on the operator (*see Barile v Lazzarini,* 222 AD2d 635; *Gambino v City of New York,* 205 AD2d 583). The operator is required to rebut the inference of negligence created by the unexplained rear-end collision (*see Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135), since he or she is in the best position to excuse the collision through, for example, a mechanical failure (*see Carter v Castle Elec. Contr. Co.,* 26 AD2d 83, 85). If the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law (*see Starace v Inner Circle Qonexions,* 198 AD2d 493). In this case, the defendants failed to come forward with any evidence to rebut the inference that the subject accident was proximately caused by their negligence. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.