■ TERRAPIN INDUSTRIES, LLC, Respondent, v THE BANK OF NEW YORK, Appellant. [27 NYS3d 153]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered May 29, 2015, which denied defendant's motion seeking to vacate a default judgment and dismiss the complaint, unanimously reversed, on the law, without costs, the default judgment vacated, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, a limited liability company whose managing member is Colin D. Rath, was granted a default judgment on its action to discharge and cancel a mortgage concerning property located at 121 West 15th St., New York, New York. Defendant, the holder of the mortgage, moved to vacate the default judgment.

To vacate a default, a party must demonstrate both a reasonable excuse and the existence of a meritorious defense; "certain law office failures may constitute reasonable excuses" (*Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [1st Dept 2007]). Defendant, through an affidavit of a person with personal knowledge, established that the delay in responding was due to clerical oversight. Since plaintiff suffered no prejudice and there is no evidence of willfulness, defendant established a reasonable excuse for its delay (*see Marine v Montefiore Health Sys., Inc.*, 129 AD3d 428 [1st Dept 2015]; *Mutual Mar. Off., Inc.* at 419).

Defendant also presented a meritorious defense through documents establishing that plaintiff had transferred the property at issue, along with the mortgage at issue, to Mr. Rath and his wife in 2007, and therefore had no standing to bring the action to discharge the mortgage (*see Aerovias De Mexico, S.A. De C.V. v Malerba, Downes & Frankel*, 265 AD2d 214 [1st Dept 1999]; *Guccione v Estate of Guccione*, 84 AD3d 867, 869-870 [2d Dept 2011]; *Albino v New York City Hous. Auth.*, 78 AD3d 485, 490 [1st Dept 2010], citing *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714 [1980]). Concur—Friedman, J.P., Andrias, Saxe and Kapnick, JJ.