**75 First Ave. Club LLC v United Glass Sys. Corp.**

2024 NY Slip Op 32872(U)

August 14, 2024

Supreme Court, New York County

Docket Number: Index No. 652658/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                    PART                    14

                                    *Justice*

-------------------------------------------------------------------------X

75 FIRST AVENUE CLUB LLC,                    **INDEX NO.**        652658/2022

                        Plaintiff,             **MOTION DATE**        N/A

            - v -                              **MOTION SEQ. NO.**      006

UNITED GLASS SYSTEMS CORP., UNITED GLASS
SYSTEMS, METAL YAPI INC.,METAL YAPI USA CORP.,
METAL YAPI NORTH AMERICA, LLC,O'KEEFE'S, INC.      **DECISION + ORDER ON**
(D/B/A SAFTI FIRST), UNITED GLASS-METAL YAPI, A        **MOTION**
JOINT VENTURE,

                        Defendant.

-------------------------------------------------------------------------X

METAL YAPI INC., METAL YAPI USA CORP., METAL YAPI          Third-Party
NORTH AMERICA, LLC                                  Index No.  595739/2023

                        Plaintiff,

            -against-

PIZZAROTTI IBC LLC, WONDER WORKS CONSTRUCTION
CORP.

                        Defendant.
-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Plaintiff's motion to vacate is denied, with leave to bring it again upon proper papers, as described below.

**Background**

This case arises out of a contractual dispute after faulty glass panels were installed in a residential building owned by plaintiff.  Previously, defendant O'Keefe's Inc. ("O'Keefe's")

**652658/2022   75 FIRST AVENUE CLUB LLC vs. UNTED GLASS SYSTEMS CORP. ET AL**          Page 1 of 4
  **Motion No.  006**

1 of 4

moved for a default judgment on its counterclaims on the ground that plaintiff failed to file a reply. That motion was granted without opposition (NYSCEF Doc. No. 134).

Plaintiff now moves to vacate that default judgment decision on the ground that there was law office failure. Its counsel submits an affirmation in which he explains that he simply missed the motion and conflated it with another pending motion by other defendants related to the third-party action. Plaintiff also details what it contends are its meritorious defenses to O'Keefe's counterclaims and that O'Keefe's will suffer no prejudice if the default judgment is vacated. Plaintiff also attached a proposed reply to the counterclaims to the instant motion.

In opposition, O'Keefe's questions the law office failure excuse and stresses that plaintiff has ignored multiple discovery requests, including requests from the Court for updates about discovery. It also observes that plaintiff did not state a meritorious defense to the counterclaims and points out that plaintiff attached an affidavit from the client that was submitted in 2022. O'Keefe's points out that the proposed reply to the counterclaims was not properly verified and so it is a nullity.

**Discussion**

"To vacate a default, a party must demonstrate both a reasonable excuse and the existence of a meritorious defense; certain law office failures may constitute reasonable excuses" (*Terrapin Indus., LLC v Bank of New York*, 137 AD3d 569, 570, 27 NYS3d 153 [1st Dept 2016] [internal quotations and citations omitted]).

As an initial matter, plaintiff established a reasonable excuse for its failure to oppose O'Keefe's default motion by detailing its law office failure. Plaintiff's attorney noted that when that default motion was filed, he had just finished a trial and was on vacation. The fact is that

**652658/2022   75 FIRST AVENUE CLUB LLC vs. UNTED GLASS SYSTEMS CORP. ET AL**
**Motion No.  006**

**Page 2 of 4**

2 of 4

things happen. Attorneys are people too and, sometimes, attorneys miss things—a clerical oversight is not a basis to foreclose a party's ability to litigate a case on the merits (*see id.*).

However, the Court finds that plaintiff failed to satisfy the second prong of a vacatur motion—a meritorious defense to the counterclaims. Plaintiff did not attach anything from someone with personal knowledge that specifically addresses O'Keefe's counterclaims. Its reliance on an affidavit from a shareholder from plaintiff (NYSCEF Doc. No. 141) is not sufficient, as that affidavit is from 2022, well before O'Keefe's asserted its counterclaims. In fact, the affidavit states it was prepared "in opposition to Defendant Safti First's motion to dismiss the complaint" (*id.* ¶ 1). Unfortunately, the Court cannot derive meritorious defenses to O'Keefe's counterclaims from this affidavit. While the subject matter is obviously similar, it is simply too attenuated to satisfy plaintiff's burden on this motion. Neither the affirmation from counsel for plaintiff nor the memorandum of law sufficiently raise a meritorious defense (*Figueroa v Luna*, 281 AD2d 204, 205, 721 NYS2d 635 [1st Dept 2001] [finding that an affidavit from counsel without personal knowledge did not constitute a basis for a meritorious defense]).

Moreover, O'Keefe's correctly pointed out that plaintiff's proposed reply to the counterclaims (NYSCEF Doc. No. 144) is insufficient because it was not properly verified (the reply has to be verified given that O'Keefe's answer and counterclaims were verified [*see* NYSCEF Doc. No. 142]). The verification page is curiously left blank (*id.*). Not only does the failure to verify this reply make it a nullity, but if the party had verified it, then it may have been considered in support of a meritorious defense to the counterclaims.

**652658/2022   75 FIRST AVENUE CLUB LLC vs. UNTED GLASS SYSTEMS CORP. ET AL**
**Motion No.  006**

**Page 3 of 4**

The Court stresses that the parties' discussion about discovery obligations is wholly irrelevant to the vacatur motion. The fact is that O'Keefe's moved for a default judgment pursuant to CPLR 3215 and not based on any discovery failures.

**Summary**

There is strong public policy in this state that cases should be decided on the merits. But this Court must also follow clear and unambiguous precedent that a party seeking to vacate a default must show a meritorious defense. Plaintiff simply did not do that here. Of course, nothing prevents plaintiff from making another application upon proper papers.

Accordingly, it is hereby

ORDERED that plaintiff's motion is denied with leave to bring again on proper papers.

See NYSCEF Doc. No. 127 concerning the next conference.

| 8/14/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**652658/2022   75 FIRST AVENUE CLUB LLC vs. UNTED GLASS SYSTEMS CORP. ET AL**      **Page 4 of 4**
**Motion No.  006**

4 of 4

[* 4]